Mamie A. WITHERS, Administratrix of the Estate of Kathleen A. Withers, Deceased, Appellant,

v.

MERIDIAN MUTUAL INSURANCE COMPANY and William M. Lear, Jr., Administrator of the Estate of Howard Johnson, Deceased, Appellees.

Court of Appeals of Kentucky.

Opinion Rendered May 30, 1980.

Ordered Published June 27, 1980.

Discretionary Review Denied Oct. 28, 1980.

Robin Griffin, Miller, Griffin & Marks, P. S. C., Lexington, for appellant.

Elwood Rosenbaum, Linda Gosnell, Rosenbaum & Rosenbaum, Lexington, for appellee, Meridian Mut. Ins. Co.

Thomas E. Meng, Beshear, Meng & Green, Lexington, for appellee, William M. Lear, Jr., Administrator of the Estate of Howard Johnson, deceased, for appellees.

Before LESTER, VANCE and WILHOIT, JJ.

LESTER, Judge.

This is an appeal from a judgment entered on a motion for summary judgment and/or judgment on the pleading, the effect of which was to relieve appellee insurance carrier from defending its co-appellee or paying any damages which might be awarded against the Estate of Howard Johnson.

On May 18, 1977, Howard Johnson was operating a motor vehicle on Shore Acre Road in Woodford County, which car was owned by the only passenger, Kathleen A. Withers. An accident took place in which both occupants were killed which, according to the complaint filed in the Woodford Circuit Court, was the fault of Johnson's negligent driving.

Withers was the named insured in an accident liability policy issued to her by Meridian Mutual. By the terms of the contract the carrier was required:

To pay for the Insured all sums which the Insured shall be legally obligated to pay as damages because of:

A. bodily injury sustained by any person, and

B. property damage,

arising out of the ownership, maintenance or use of the described automobile or a nonowned automobile, and to defend any suit against the Insured for such damages, even if groundless, false or fraudulent; but the Company may make such investigation and settlement of any claim or suit as it deems expedient.

but deleted from such coverage was the typical household exclusion clause, namely:

(e) under coverage A, to bodily injury sustained by the named Insured or by any other Insured, or by any relative of either who is a resident of the same household as such named Insured, but this exclusion does not apply to paragraph 6. of Supplementary Payments (Coverages A and B);

It is not disputed that Withers and Johnson were not related, that they did not reside in the same household and that Johnson was operating the vehicle with the owner's permission.

The Withers Estate filed a negligence action against the Johnson Estate which in turn made a demand upon Meridian Mutual to defend the action and to pay any damages which might be recovered against it. Thereupon the insurance company filed a declaratory judgment action seeking to avoid liability upon the basis of the household exclusion in the policy. The trial court found that Meridian Mutual had no duty to defend or pay any award of damages.

The appellant, after recognizing that this jurisdiction has upheld the household exclusion, argues that this case does not fall within the purview of the exception because in the present litigation the owner of the car who was the named insured was a passenger in the automobile driven by an individual that was not related to the owner nor resided in the same household with her. Under these circumstances the Withers Estate contends that the basis of the household provision, namely, to eliminate collusion in lawsuits between relatives, cannot be present, especially since both parties were killed in the accident. As support for its position the Withers Administratrix cites two cases from other jurisdictions, one of which was *Hille v. Safeco Insurance Company of America*, 25 Ariz.App. 353, 543 P.2d 474 (1975), wherein under a somewhat similar relationship of parties the Arizona court concluded that the deceased named insured who was a passenger could recover because,

not being the tortfeasor, she was an "omnibus insured." Appellant also offers for our consideration the California opinion of *State Farm Mutual Automobile Ins. Co. v. Jacober*, 10 Cal.3d 913, 110 Cal.Rptr. 1, 514 P.2d 953 (1973), which found liability on the part of the carrier because the injured party fell within the coverage of "other persons" as defined in the policy.

The appellee, insurance carrier, urges us to adhere to a long line of precedents by upholding the validity of the household exclusion clause and we see no reason not to do so for that type of provision has the effect of eliminating the possibility of collusive lawsuits. Moreover, we are unimpressed with the strained reasoning of the California and Arizona courts as was the learned trial judge. The type of clause under discussion was recently approved in *Liberty Mutual Insurance Company v. State Farm Mutual Automobile Insurance Company*, Ky., 522 S.W.2d 184 (1975), and nothing in the case before us demonstrates any reason why we should modify the Kentucky rule. For a collection of authorities from this and other jurisdictions see Automobile Insurance—Injury to Insured, 46 ALR 3d 1024.

Meridian Mutual makes a very poignant argument based upon its basic agreement as to bodily injury liability heretofore quoted. The carrier contends:

> The results for which Appellant argues would find Meridian defending the insured's friend to whom she had entrusted the operation of her automobile while she was a passenger. Meridian would be called upon to resist the claim of its own policyholder although the policyholder and the company had agreed the policyholder would have no such tort claim. An automobile liability insurance policy is not a life insurance policy. Appellants want this court to convert a liability policy into one that pays death benefits for bodily injury of the named insured.

Although not cited by counsel for appellee the contention made is the same proffered in *Couch on Insurance* 2d § 45:484 to the effect:

Contrary to the rule recognized in the preceding section, some courts have denied recovery by the named insured where the automobile was operated by an omnibus insured, for a recovery would change a liability policy into a personal accident policy for the benefit of the named insured and would run counter to the principal purpose of an automobile liability policy of protecting the named insured against liability.

Thus, under a statute requiring liability insurance policies to protect the insured against loss by reason of the liability to pay damages to "others" for bodily injuries, the court held that the word "others" could not include the named insured, who was injured, while riding in the automobile, as the result of the gross negligence of another operating it with his express consent.

The use of the word "others" is not essential for this view, and coverage of the named insured has been denied although the policy did not use the word "others." See also: 6c Appleman, *Insurance Law and Practice* § 4409 (1979).

Going a step further the same authority says at § 45:486:

> An express provision excluding harm sustained by the insured is operative even though the automobile is operated at the time by a permittee. It therefore follows that under a policy containing a general exclusion clause which provides that the policy does not apply to bodily injury or to death of any person who is a named insured, a named insured who is injured while riding in his own automobile driven by another with his permission cannot recover against his insurer for the negligence of the permittee. Similarly, an individual who was the named insured in a liability policy on his automobile could not recover from the insurer when he sustained injuries while riding as a passenger in his automobile, where such policy excluded coverage for bodily injury liability to any person who "is named insured."

A compulsory liability policy ordinarily excludes liability to the insured by expressly stating that it shall only be for the benefit of "others," which necessarily implies persons other than the insured. This provision is deemed to preclude an action for the wrongful death of the insured, although caused by one operating the automobile with his consent and even though the cause of this action for wrongful death is not derivative from the insured but rather arises in favor of other persons upon the occurrence of the insured's death.

The identity of the "insured" intended to be excluded is to be determined only from the exclusion clauses, and the omnibus clause may not be considered, since its function is to extend coverage and not to determine exclusions.

Thus, we conclude that there being no liability upon Meridian Mutual then there is no reason for it to actively participate in the action. For a case concerning duty to defend we direct the interested parties to *Violins v. State Farm Mutual Automobile Insurance Company*, Fla.App., 260 So.2d 559 (1972).

We should point out that the appellant estate has been paid the death benefits provided for in the policy as required by the Motor Vehicle Reparations Act.

The well reasoned opinion and judgment of the trial court is affirmed.

All concur.