454 So.2d 88 (1984)
CANAL INSURANCE COMPANY, Appellant,
v.
Celia GIESENSCHLAG and Milton Giesenschlag, Her Husband, Appellees.
No. 83-2310.
District Court of Appeal of Florida, Second District.
August 24, 1984.
*89 Gary E. Garbis, P.A., North Miami, for appellant.
C. Robert Murray, Jr. of Mitchell, Harris, Canning, Murray & Usich, P.A., Miami, for appellees.
RYDER, Chief Judge.
Appellees, Celia and Milton Giesenschlag, sued appellant, Canal Insurance Company (Canal), sole insurer of Yellow Cab of Naples (Yellow Cab), for declaratory relief, alleging that Celia Giesenschlag was injured when struck by a vehicle owned by Yellow Cab. At the time of the accident, Canal insured Yellow Cab in the amount of $25,000.00 per accident and $50,000.00 per occurrence. City of Naples Ordinance No. 1138, in effect at the time, provided in pertinent part:
No taxicab license shall be issued or continued in operation in the City unless there is in full force and effect an indemnity bond for each vehicle authorized in the amount of fifty thousand dollars ($50,000) for bodily injury to any one person: in the amount of one hundred thousand dollars ($100,000) for injuries to more than one person which are sustained in the same accident and in the amount of twenty thousand dollars ($20,000) for property damage sustained in one accident. Said bond or bonds shall inure to the benefit of any person who shall be injured or who shall sustain damage to the property proximately caused by the negligence of the holder, his servants or agents. A copy of said bond or bonds shall be filed in the office of the City Clerk and shall have as a surety thereon a surety company authorized to do business in the State of Florida.
A taxicab owner may file in lieu of bonds or bond, a liability insurance policy issued by an insurance company authorized to do business in the State of Florida. Said policy shall conform to the provisions of the section relating to bonds.
The ordinance also provided that owners and drivers of taxis were both responsible for violating any part of the ordinance.
The Giesenschlags contended that by law the ordinance was incorporated into Canal's policy insuring Yellow Cab and Canal failed to comply with its legal duty when it issued the policy providing lesser coverage than the ordinance required. The circuit court entered summary judgment for appellees and reformed the insurance policy to provide coverage in the amounts required by the ordinance. Canal appeals from that order. We reverse.
A basic rule in constructing statutes or ordinances is that words are to be given their plain meaning. Citizens of State v. Public Service Commission, 425 So.2d 534 (Fla. 1982); St. Petersburg Bank & Trust Co. v. Hamm, 414 So.2d 1071 (Fla. 1982); City of Winter Park v. Jones, 392 So.2d 568 (Fla. 5th DCA 1980). Ordinance No. 1138 plainly applies only to taxicab owners and drivers and not to insurance companies. The ordinance requires taxicab owners to have certain amounts of insurance as a prerequisite to obtaining or continuing a license to operate within the City of Naples. The ordinance does not require insurance companies to write policies in certain minimum amounts when insuring taxicab owners.
Unless restricted by statute or public policy, insurance companies have the same right as individuals to limit their liability and impose conditions upon their obligations. Reliance Mutual Life Insurance Company of Illinois v. Booher, 166 So.2d 222 (Fla. 2d DCA 1964); Zipperer v. State Farm Mutual Automobile Insurance Co., 254 F.2d 853 (5th Cir.1958). There is no dispute that the policy in question complied with section 324.021, Florida Statutes (1979), which required insurance in the amount of $10,000.00 per person and $20,000.00 per occurrence. Therefore, the trial judge erred in reforming the policy.
Appellant also argues that Ordinance No. 1138 is an invalid attempt by the City of Naples to regulate the insurance industry. *90 Considering again the plain language of the ordinance, it does not attempt to regulate the insurance industry but only regulates the taxicab industry in Naples. Our holding makes it unnecessary to consider Canal's other points on appeal.
The summary judgment entered for appellees is reversed and the trial judge is directed to enter a summary judgment in favor of appellant, Canal Insurance Company.
REVERSED and REMANDED with instructions.
HOBSON and GRIMES, JJ., concur.