PER CURIAM.
We reverse the final judgment holding defendant liable for the anticipatory breach of a contract for the construction of his residence.
The contract was contingent upon defendant obtaining a mortgage loan commitment. After two banks had rejected defendant’s loan application, the First National Bank of Venice issued what appeared to be the requisite commitment. However, we conclude that the commitment was not enforceable because the evidence established without contradiction that the loan application to the First National Bank of Venice was in violation of 18 U.S.C. § 1014 (1976), in that the application contained a false statement of an inflated contract price. See Hauer v. Thum, 67 So.2d 643, 645 (Fla.1953); Thomas v. Ra-tiner, 462 So.2d 1157, 1159 (Fla. 3d DCA 1985). Accordingly, the contingency in the contract was not fulfilled. It was on that basis that defendant, on advice of counsel sought and obtained after making the application to the First National Bank of Venice, refused to close the loan and to consummate the contract.
The contract price, as reflected in the loan application to the First National Bank of Venice, was not the contractually agreed upon price between plaintiff general contractor and defendant. The price reflected in that application had been enhanced by *809 $32,000 over and above the price in a prior contract between the parties on the basis of which the two banks to whom prior loan applications had been made had turned down the applications. The testimony established that there had been no contract between the parties for that additional $32,-000. At best they had, according to plaintiff, simply in effect agreed to agree upon $32,000 in extras, which was not a binding agreement. See Brown v. Dobry, 311 So. 2d 159, 160 (Fla. 2d DCA 1975). Indeed, the calculation of the lost profit damages claimed and awarded was on the basis of the prior contract price.
Contrary to plaintiff’s argument, an element of a violation of the above-referenced statute is not detrimental reliance by a bank upon a false statement in a loan application. See United States v. Copple, 827 F.2d 1182, 1187 (8th Cir.1987).
Reversed and remanded with directions to enter judgment for defendant.
SCHOONOVER, . A.C.J., and LEHAN and THREADGILL, JJ., concur.