**James SPRUNG and the Estate of Audrey Sprung, deceased, Plaintiffs,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Defendant.**

No. Civ. 88–5082.

United States District Court, D. South Dakota, W.D.

June 23, 1989.

Scott Sumner, Banks, Johnson, Johnson, Colbath & Huffman, John Fitzgerald, Rapid City, S.D., for plaintiffs.

Curt Ireland, Rapid City, S.D., for defendant.

## MEMORANDUM OPINION

BATTEY, District Judge.

Plaintiffs sued defendant State Farm Mutual Automobile Insurance Company (State Farm) for a declaratory judgment to determine if James Sprung is covered by an automobile liability insurance policy issued to his wife, Audrey Sprung, for claims arising out of a motor vehicle accident in September 1986, in which Audrey Sprung was killed. The estate claims Audrey Sprung's death was caused by the negligent driving of James Sprung when he collided with a car driven by one Martin Lambert. The parties stipulated this case may be determined on their cross motions for summary judgment.

Audrey Sprung was the policy's only named insured; James Sprung is also an

insured by the terms of the policy.[1] State Farm paid the following claims on the policy: $4,295.12 to Martin and Diane Lambert under the policy's liability section; $20,000 to James Sprung under the policy's accidental death section; $8,100 to James Sprung under the policy's collision section; and medical bills and funeral expenses (in an unstated amount) under the policy's medical payment section covering medical and funeral expenses resulting from bodily injury to the insureds.

■ State Farm denied liability coverage for Audrey Sprung's death based on the household exclusion[2] and denied uninsured motorist coverage under an exception to the uninsured motorist clause.[3] Plaintiffs argue that the household exclusion clause is void because it violates the public policy of South Dakota, expressed in the state's financial responsibility laws, SDCL ch. 32–35.

*Novak v. State Farm Mut. Auto Ins. Co.,* 293 N.W.2d 452 (S.D.1980), held that a household exclusion clause in an automobile liability insurance policy does not violate the public policy of South Dakota, as expressed in SDCL ch. 32–35. However, *Novak* went on to hold that when SDCL 32–35–70 is effective, it operates to void a household exclusion clause. *Novak* held that "[i]t is only when the provisions of SDCL 32–35 operate to require proof of future financial responsibility that the provisions of SDCL 32–35–70 come into effect." *Id.* at 454. At the time *Novak* was decided, proof of financial responsibility was required only when the conditions of SDCL 32–35–43 were operative (outstanding judgments/convictions, forfeiture of bail).

In 1986, the South Dakota legislature expanded the group of people who must show financial responsibility from those to whom SDCL 32–35–43 applied, to "every driver or owner of a motor vehicle." SDCL 32–35–113. SDCL 32–35–113(1) allows the

responsibility to be fulfilled by the purchase of liability insurance providing the coverage described in SDCL 32–35–70. SDCL 32–35–113 was signed on March 15, 1986, and became effective on January 1, 1987. 1986 S.D.Sess.Laws, p. 522.

The accident in this lawsuit occurred in September 1986. Plaintiffs urge that the public policy of South Dakota, requiring all motor vehicle drivers and owners to be financially responsible, was expressed on March 15, 1986, when the Act was signed. Therefore, plaintiffs argue, *Novak* should not apply to an accident occurring after March 15, 1986. Plaintiffs' argument ignores SDCL 2–14–21 and cases thereunder which prohibit the retroactive effect of a statute "unless such intention plainly appears." The legislature plainly stated it wanted the provisions of SDCL 32–35–113 to be effective on January 1, 1987. Therefore, *Novak* applies and the household exclusion clause is valid.

Plaintiffs' additional arguments, that the rationale for the household exclusion clause is not applicable in this case and that such a clause fails to fulfill a purchaser's reasonable expectations, are not persuasive.

■ Alternatively, plaintiffs argue that if the household exclusion clause is valid, then James Sprung should be covered under the policy's uninsured motorist provision.

State Farm agreed to "pay damages for bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle. The bodily injury must be caused by accident arising out of the operation, maintenance or use of an uninsured motor vehicle." Policy, Section III—Uninsured Motor Vehicle—Coverage U, p. 9.

An uninsured motor vehicle is "(1) a land motor vehicle, the ownership, maintenance

---

1. An "insured" is defined, in part, as the named insured and the named insured's spouse. Policy, Section I—Liability—Coverage A, p. 6.

2. "There is no coverage: ... for any bodily injury to: ... any insured or any member of an

insured's family residing in the insured's household." *Id.* at 7.

3. See text, below.

or use of which is: (a) not insured or bonded for bodily injury liability at the time of the accident...." However, excluded from the definition of an uninsured motor vehicle is "a land motor vehicle: (1) insured under the liability coverage of this policy ...." *Id.*

State Farm denied coverage for James Sprung based on the above exclusion. Plaintiffs argue that the exclusion is void because it violates the public policy of South Dakota declared in SDCL 58–11–9. That statute states, in relevant part, that:

> No policy insuring against loss resulting from liability imposed by law for bodily injury or death suffered by any person arising out of the ownership, maintenance or use of a motor vehicle may be ... issued ... with respect to any motor vehicle ... unless coverage is provided ... for bodily injury and death ... of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles ... because of death, resulting therefrom.

There is no spousal immunity from tort liability in South Dakota. *Scotvold v. Scotvold,* 68 S.D. 53, 298 N.W. 266 (1941). Therefore, SDCL 58–11–9's reference to an insured who is "legally entitled to recover damages from ... operators of uninsured motor vehicles" applies to this case, unless the policy exception is valid.

Plaintiffs cite *Clark v. Regent Ins. Co.,* 270 N.W.2d 26 (S.D.1978) and *Barnes v. Powell,* 49 Ill.2d 449, 275 N.E.2d 377 (1971) in support of their position. The issue in *Clark* was whether or not the uninsured motorist coverage in the policy excluded coverage because plaintiff was not actually "hit" by the driver who caused the accident and fled the scene. SDCL 58–11–9 refers to a hit-and-run motorist. *Clark,* reversing the trial court and holding for plaintiff, said that the uninsured motorist statutes must be liberally construed to provide coverage. And, in footnote 5, *Clark,* cited with approval to *Barnes,* among other jurisdictions, for authority that:

> The purpose of the uninsured motorist statutes is to provide the same insurance protection to the insured party who is injured by an uninsured or unknown motorist that would have been available to him had he been injured as a result of the negligence of a motorist covered by the minimum amount of liability insurance.

*Id.* at 29 (emphasis in original; footnote omitted). *Clark* is the most recent South Dakota expression of the purpose behind the uninsured motorist statutes.

*Barnes* is a case essentially the same as the case at bar. The plaintiff in *Barnes* was the co-owner of a car insured under a policy with an uninsured motorist clause and exceptions essentially the same as are in issue in this case. While riding as a passenger in the car, driven by defendant Powell, who had no insurance of his own, plaintiff was injured in a one-car accident. The insurance company denied plaintiff's uninsured motorist claim because "she was riding in an insured automobile and the term 'uninsured automobile' specifically excludes an insured automobile." *Id.* 275 N.E.2d at 378.

*Barnes* construed Illinois' uninsured motorist statute (essentially identical to SDCL 58–11–9) to find coverage. *Barnes* held that:

> [T]he intent of the legislature was that the uninsured motorist coverage would protect an insured generally against injuries caused by motorists who are uninsured, and by hit-and-run motorists, and that this would complement the liability coverage. The distinction that the uninsured motorist was the driver of the automobile in which plaintiff was a passenger, rather than the driver of another automobile, is not decisive. As to this particular plaintiff, because she was excluded from the liability coverage of the policy, the automobile was not an insured automobile and the driver was not an insured motorist, notwithstanding that as to all others the automobile and the driver may have been insured. Because no liability insurance was applicable to the plaintiff at the time of the accident, her

uninsured motorist coverage necessarily became effective in light of the legislative mandate.

*Id.* at 379–80.

The same is true in this case. The intent behind SDCL 58–11–9, as expressed in *Clark*, is to provide coverage for people who buy liability automobile insurance against injury or death caused by someone who does not have such insurance. Audrey Sprung bought liability insurance. By virtue of a valid household exclusion clause, James Sprung is uninsured. There is nothing in SDCL 58–11–9, or in *Clark*, which expressly or impliedly suggests that the exception to the uninsured motorist coverage in State Farm's policy should be upheld in the circumstances of this case. And, *Clark's* citation to *Barnes* indicates the South Dakota Supreme Court would liberally interpret SDCL 58–11–9 in favor of coverage under the circumstances of this case. This conclusion is buttressed by *Novak* which demonstrates the South Dakota Supreme Court's willingness to void an exclusion clause in an automobile liability policy when it conflicts with statutorily required coverage.

Based on the foregoing, the exception in State Farm's uninsured motorist coverage, which denies coverage when the motor vehicle in question is insured under the policy, is void because it conflicts with SDCL 58–11–9. Summary judgment in plaintiffs' favor will be entered.