IT IS FURTHER ORDERED that plaintiff's motion to quash subpoena and for protective order shall be and it is denied as moot.

IT IS FURTHER ORDERED that third party defendants' motion for leave to file an amended crossclaim shall be denied as moot.

John K. Nooney, Rapid City, SD, for plaintiff.

Terry L. Hofer, Rapid City, SD, for defendant.

**Lois Marie BRANDENBURG, Plaintiff,**

v.

**ALLSTATE INSURANCE COMPANY, Defendant.**

**No. CIV. 92–5128.**

United States District Court, D. South Dakota, W.D.

Feb. 27, 1993.

## ORDER

BOGUE, Senior District Judge.

Both parties to this action have moved for summary judgment on the issue of coverage under an automobile insurance policy which was issued to plaintiff's late husband. After careful deliberation and review of the entire file, this Court is convinced that summary judgment for defendant is appropriate.[1]

Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to relief

---

1. Contemporaneously with her motion for partial summary judgment, plaintiff filed a request for oral argument. The issues have been well briefed by the parties and the underlying facts are relatively uncomplicated. Therefore, the request is denied.

by summary judgment if it can show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. The Supreme Court has noted that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). The facts which relate to the pending motions are not disputed and, based on this Court's conclusion that no coverage is available to plaintiff under the present circumstances, the defendant is entitled to judgment as a matter of law.

For purposes of this order granting summary judgment to defendant, the facts as alleged by plaintiff are assumed true and correct (including the allegation that Mr. Brandenburg was negligent—a necessary prerequisite to coverage). On July 25, 1992, plaintiff's late husband was involved in a single-car automobile accident in South Dakota. Plaintiff was a passenger at the time, and she suffered serious physical injuries as a result of the crash.

At the time of the accident, the vehicle was insured by defendant Allstate under a policy issued to Mr. Brandenburg. The policy's liability insurance portion contains a "household exclusion," which the parties agree precludes payment to plaintiff (under the liability section of the policy). Because of this exclusion, plaintiff looks to the policy's uninsured motorist provision for coverage—arguing that since the exclusion is valid on its face, Mr. Brandenburg and the vehicle were uninsured (as to her). The uninsured motorist coverage provides:

> We will pay damages because of bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured ... auto. Bodily injury must be caused by accident and arise out of the ownership, maintenance, or use of an uninsured ... auto.

Because it is the weak link in plaintiff's claim for uninsured motorist benefits, the key phrase in the above statement of coverage is "uninsured auto." The policy contains four alternative definitions of "uninsured auto"—including the following, on which plaintiff relies: "a motor vehicle for which the insurer denies coverage." She argues that, since Allstate denied coverage to her under this policy, the above definition of "uninsured auto" is met; so she is entitled to uninsured motorist coverage. While at first blush that assertion may have some appeal, a more careful and reasoned analysis leads to a different conclusion.

It is a basic tenet of insurance law in South Dakota that the terms of an insurance contract must be construed according to the entirety of its terms and conditions, as set forth in the policy. *See, e.g.* S.D.C.L. 58–11–39; *Cheney v. Metropolitan Life Ins. Co.,* 370 N.W.2d 569, 572 (S.D.1985). Looking at the Allstate policy as a whole, it is clear that the phrase "motor vehicle for which the insurer denies coverage" is meant to refer only to policies other than the one at issue.

First, Allstate has not denied coverage for the motor vehicle involved in this dispute. On the contrary, it has admitted coverage on the *vehicle*—but excluded plaintiff (via the household liability exclusion) from the class of persons to whom coverage extends.

Next, before defining "uninsured autos," the uninsured motorist section of the policy defines "insured autos" in five alternative ways. The first definition of an "insured auto" is a motor vehicle "described on the declarations page." The van being driven by Mr. Brandenburg at the time of the accident was clearly listed on the declarations page (appended to defendant's statement of material facts; and admitted by plaintiff in response thereto). Logic dictates that the same auto cannot be both insured and uninsured at the same time.

Finally, this Court agrees with defendant that the household exclusion would be eviscerated if a disappointed member of the named insured's household could simply look to the uninsured motorist provision for coverage after being rejected for liability coverage based on the exclusion. If that were the case, a household exclusion would be of no effect under any circumstances, given the

statutory requirement in S.D.C.L. 58–11–9 that automobile liability policies must contain uninsured motorist coverage. This cannot possibly be a result sanctioned by the legislature, which recently amended South Dakota's financial responsibility law (SDCL 32–35–70) to allow household exclusions. When 32–35–70 was amended in 1992, the legislature must be assumed to have been well aware of the uninsured motorist coverage requirement as well—and the amendment would be rendered meaningless by the strained construction plaintiff urges for this policy. The interpretation sought by plaintiff surely cannot have been intended either by the parties to this insurance contract or the legislature.

This Court is mindful that its ruling contradicts earlier federal-court precedent from this district contained in *Sprung v. State Farm Mut. Auto. Ins. Co.*, 715 F.Supp. 282 (D.S.D.1989). In *Sprung*, the Court allowed an injured family member to claim uninsured motorist benefits after being shut out of the policy's liability coverage by a valid household exclusion, based on the legislative policy mandating uninsured motorist coverage. Since the time *Sprung* was decided, however, a new legislative policy has been enunciated which approves household exclusions as an exception to the general rule of mandatory liability coverage. A ruling similar to *Sprung* now would render the 1992 amendment to S.D.C.L. 32–35–70 moot by judicial fiat. South Dakota courts have tolerated household exclusions in the past (*see, e.g. Novak v. State Farm Mut. Ins. Co.*, 293 N.W.2d 452, 454 (S.D.1980); *Sprung, supra*); but when *Cimarron Ins. Co. v. Croyle*, 479 N.W.2d 881 (S.D.1992) spoke out against such exclusions, the legislature (as the final arbiter of public policy) acted quickly to change that result.

This Court is also mindful of the oft-repeated admonition that policies of insurance are to be construed in favor of the insured when ambiguity exists. However, the Allstate policy is not ambiguous. Rather, the asserted ambiguity claimed by plaintiff in the instant policy is the result of imaginative but strained interpretation—not unclear draftsmanship. In summary, neither the language of the Allstate policy nor the actions of South Dakota's policymaking body support plaintiff's position with regard to coverage. Therefore, it is hereby

ORDERED that defendant's motion for summary judgment, filed January 29, 1993, is granted.

IT IS FURTHER ORDERED that plaintiff's motion for partial summary judgment, filed December 21, 1992, is denied.