665 So.2d 263 (1995)
AUTO OWNERS INSURANCE COMPANY and Owners Insurance Company, Appellants,
v.
Peter T. VAN GESSEL and Geanne M. Van Gessel, as Co-Personal Representatives of the Estate of Peter F. Van Gessel, Deceased and Marjorie Hough Carson, as Personal Representative of the Estate of Dorothy E. Hough Van Gessel, Deceased, Appellees.
No. 94-04231.
District Court of Appeal of Florida, Second District.
November 15, 1995.
Rehearing Denied December 6, 1995.
*264 Judith J. Flanders and Donald G. Jacobsen of Lane, Trohn, Clarke, Bertrand, Vreeland & Jacobsen, P.A., Lakeland, for Appellants.
C. Kenneth Stuart, Jr. and Timothy O. Coyle, Lakeland, for Appellees.
RYDER, Acting Chief Judge.
The trial court entered summary final judgment in favor of the insureds in this declaratory judgment action involving the "family exclusion" clause of automobile liability and umbrella insurance policies. Because we hold that the abrogation of the doctrine of interspousal immunity did not invalidate the family exclusion clause, we reverse.

I. THE FACTS.
This lawsuit arose out of an automobile accident which occurred on March 26, 1993, when an automobile owned and operated by Peter F. Van Gessel collided with another motor vehicle. Mr. Van Gessel died as a result of the collision, and his wife, Dorothy E. Hough Van Gessel, a passenger, died a few weeks later as a result of injuries she sustained in the accident. Owners Insurance Company insured Mr. Van Gessel and his 1993 Lincoln Town Car under an automobile policy which was effective on November 18, 1992 for a term of six months. The policy provided $500,000.00 per person in bodily injury liability coverage and $25,000.00 per person in uninsured motorist coverage. The coverage was subject to certain exclusions including an exclusion for injury to family members. The family exclusion clause specifically provided that:
Liability coverage [does not apply] to bodily injury to you or any person living in your household and related to you by blood, marriage or adoption.
Auto Owners Insurance Company insured Mr. Van Gessel under an executive umbrella policy which provided $500,000.00 per person in bodily injury liability coverage. It also contained a specific exclusion for personal injury to the insureds. The exclusion clause in the umbrella policy provided:
We do not cover personal injury to you or a relative.
The personal representative of Mrs. Van Gessel's estate filed suit against the co-personal representative of Mr. Van Gessel's estate alleging that Peter F. Van Gessel negligently operated his vehicle causing his wife's death.
Pursuant to chapter 86, Florida Statutes, the insurance companies filed an action for a declaratory judgment against the co-personal representatives of the estate of Mr. Van Gessel and the personal representative of Mrs. Van Gessel's estate seeking to have the rights of the parties under the policies determined. The insurance companies filed a motion for summary judgment asking the court to declare that due to the family exclusion clauses there was no insurance coverage available under the terms of the policies for the claims brought by the wife's estate against the estate of the insured husband. The appellees also filed a motion for summary final judgment as to the existence of the insurance coverage. When the trial court indicated at the hearing that it intended to deny the insurer's motion for summary judgment, the parties agreed that there remained no further questions of fact to be resolved and that the court's denial of the motion acted as a final adjudication in favor of the estates and against the insurers. There is no factual dispute between the parties. The sole issue here is the availability of *265 insurance coverage under the terms of the policies despite the existence of the family exclusion clauses.
The lower court held that the supreme court's abrogation of the doctrine of interspousal tort immunity in Waite v. Waite, 618 So.2d 1360 (Fla. 1993), represented "a fundamental change in the common law and that insurance companies can no longer contractually eliminate coverage through the use of `family exclusion' clauses as those clauses are now void and against public policy." Accordingly, it entered summary final judgment in favor of the insureds declaring that insurance coverage is available under the terms of the policies.

II. THE FAMILY EXCLUSION CLAUSE IN LIABILITY AND UNDERINSURED MOTORIST INSURANCE COVERAGE.
No reported Florida decision has invalidated the family exclusion clause with respect to liability or underinsured motorist insurance provisions. In Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla. 1977), the supreme court upheld the family exclusion clause, declaring that;
[i]t is generally accepted, in the absence of a statutory prohibition, that provisions of automobile liability insurance policies excluding from coverage members of the insured's family or household are valid. 46 A.L.R.3d 1024. This is also the rule in Florida. Newman v. National Indemnity Company, 245 So.2d 118 (Fla. 3d DCA 1971); see also Zipperer v. State Farm Mutual Automobile Ins. Co., 254 F.2d 853 (5th Cir.1958). The reason for the exclusion is obvious: to protect the insurer from over friendly or collusive lawsuits between family members.
Reid at 1173. See also Brixius v. Allstate Ins. Co., 589 So.2d 236 (Fla. 1991) (upheld denial of coverage based on a family-household exclusion in the liability portion of the policy); Chrysler Credit Corp. v. United Services Auto. Ass'n, 625 So.2d 69 (Fla. 1st DCA 1993) (an insurance company may limit coverage by means of appropriate family member exclusion); Prudential Property and Cas. Ins. Co. v. Bonnema, 601 So.2d 269 (Fla. 5th DCA 1992) (family exclusion provisions in insurance policies are valid).
The family exclusion clause has been upheld in the context of uninsured motorist coverage. See Reid, 352 So.2d 1172; Brixius, 589 So.2d 236; Fitzgibbon v. Government Employees Ins. Co., 583 So.2d 1020 (Fla. 1991); Nationwide Mutual Fire Ins. Co. v. Olah, 662 So.2d 980 (Fla. 2d DCA 1995).
In Florida Farm Bureau Ins. Co. v. Government Employees Ins. Co., 387 So.2d 932, 934 (Fla. 1980), the supreme court also upheld the validity of family exclusion clauses and declared that:
The Uniform Contribution Among Joint Tortfeasors Act does not purport to enlarge the coverage of insurance policies nor does it prohibit family exclusion clauses. We reject the contention that these clauses are void as against public policy. In addition to the policy reasons expressed in Reid, the court noted that insurance premiums may be established in part by reference to potential exposure to liability by insurance companies and may be lower where those most likely to be passengers in the automobile are expressly excluded from coverage.

III. THE FAMILY EXCLUSION CLAUSE IN OTHER JURISDICTIONS.
In other states, however, the outcome has been different. The application of the family exclusion clause has been widely litigated with varying results. In some states, the family or household exclusion has been upheld in attempts by insureds to recover automobile liability insurance in amounts exceeding the motor vehicle financial responsibility statute's minimum coverages. See Martin v. Farmers Insurance Exchange, 894 P.2d 618 (Wyo. 1995); Collins v. Farmers Ins. Co. of Oregon, 312 Or. 337, 822 P.2d 1146 (1991); Halpin v. American Family Mut. Ins. Co., 823 S.W.2d 479 (Mo. 1992) (en banc). The Nebraska Supreme Court held that a household exclusion clause contained in a policy of motor vehicle liability insurance that is not used as proof of future financial responsibility under the Motor Vehicle Safety Responsibility *266 Act does not violate the public policy of that state and is an enforceable provision in a policy of motor vehicle liability insurance. State Farm Mut. Auto. Ins. Co. v. Hildebrand, 243 Neb. 743, 502 N.W.2d 469 (1993).
Other states, including Idaho, have invalidated the family exclusion clause up to the coverage limits of the specific automobile liability insurance policy. Farmers Ins. Group v. Reed, 109 Idaho 849, 712 P.2d 550 (1985). There, the Supreme Court of Idaho stated the issue very simply:
If there is intrafamily immunity in Idaho in the context of automobile accidents, then the household exclusion clauses are valid. If there is no intrafamily immunity shield, the household exclusion clauses are invalid statutorily and as against public policy.
Farmers Ins. Group, 109 Idaho at 851, 712 P.2d at 552.
State legislatures have also enacted legislation to clarify the parties' rights. In South Dakota, when a court ruling in Cimarron Ins. Co. v. Croyle, 479 N.W.2d 881 (S.D. 1992), held that the household exclusion in an automobile liability policy was void as contrary to the financial responsibility law and public policy only as to the minimum coverage required by the statute, the legislature acted quickly to adopt a new policy which approved household exclusions as an exception to the general rule of mandatory liability coverage. Brandenburg v. Allstate Ins. Co., 815 F. Supp. 317 (D.S.D. 1993), reversed as to uninsured motorist coverage of policy, 23 F.3d 1438 (8th Cir.1994).
In addition to Florida, other states have also upheld the family exclusion clause. See Allstate Ins. Co. v. Elwell, 513 A.2d 269 (Me. 1986); State Farm Mutual Automobile Ins. Co. v. Falness, 178 Ariz. 281, 872 P.2d 1233 (1994); Walker v. American Family Mut. Ins. Co., 340 N.W.2d 599 (Iowa 1983) (the exclusionary clause does not violate public policy to protect persons injured in motor vehicle accidents from financially irresponsible motorists in the absence of a legislative intent to require all motorists to have liability insurance); Safeco Ins. Co. v. Seck, 225 Ill. App.3d 397, 587 N.E.2d 1251, 167 Ill.Dec. 636 (2d Dist. 1992) (abrogation of interspousal immunity reflects a public policy which speaks to legal empowerment rather than guaranteed insurance coverage).
The California Supreme Court has held that such an insurance policy exclusion clause was consistent with state public policy and that it did not violate principles of equal protection. Farmers Ins. Exchange v. Cocking, 29 Cal.3d 383, 628 P.2d 1, 173 Cal. Rptr. 846 (1981) (en banc). It concluded that the exclusion was consistent with a preexisting judicial rule founded upon freedom of contract and the insurer's legitimate interest in minimizing future losses attributable to fraud or collusion. The injured party retained the full unrestricted right to sue the negligent insured, and, therefore, it did not contravene the public policy that every person be responsible for his own negligent acts. The exclusion affected only the right to reach insurance proceeds for the satisfaction of any judgment obtained.

IV. ANALYSIS.
The insurance companies argue on appeal that although the Waite decision fundamentally changed Florida's common law when it abrogated the doctrine of interspousal tort immunity, it did not affect the continuing validity of the family exclusion clause. They also argue that insurance companies have the same right as individuals to contractually limit their liability and to impose conditions upon their obligations. See Canal Ins. Co. v. Giesenschlag, 454 So.2d 88 (Fla. 2d DCA 1984), review denied, 462 So.2d 1106 (Fla. 1985). They further assert that the public interest here does not reach the threshold required to strike down the family exclusion clause because it is not clearly injurious to the public good nor does it contravene some established interest of society.
The appellees respond that the supreme court declared in Waite that in the wake of Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988), there was no longer a sufficient reason warranting a continued adherence to the doctrine of interspousal immunity, and, therefore, the doctrine no longer remained a part of Florida's common law. They argue that the court properly ruled because contractual *267 terms are properly deemed invalid if to enforce them requires the court to thwart established public policy. American Cas. Co. v. Coastal Caisson Drill Co., 542 So.2d 957 (Fla. 1989); Thomas v. Ratiner, 462 So.2d 1157, 1159 (Fla. 3d DCA 1984), review denied, 472 So.2d 1182 (Fla. 1985). They criticize all but one of the cases cited by the appellants as precedent prior to the Waite decision. They assert that the subsequent decision, Chrysler Credit, provides no authority because the doctrine of interspousal immunity was not implicated in that decision.
The appellees further contend that Auto Owners Insurance is protected from any impermissible impairment of contract because language included in the automobile policy protects the carrier from any detrimental changes affecting the policy from judicial decisions. The policy provision allows for a provisional or recalculated premium should areas of tort law previously exempt from liability become redefined by judicial decision. The umbrella policy did not follow form.
No Florida decision supports the invalidation of the family exclusion clause. Sturiano did not address the family exclusion clause. The Sturiano decision held that the doctrine of interspousal immunity did not bar an action against the estate of a husband whose wife was a passenger in a car driven by the husband where the husband was killed in the accident and none of the policy reasons supporting the doctrine were present such as fear of family or marital discord or the possibility of fraud or collusion. The policy was construed pursuant to New York law which prevented any recovery by the spouse unless the policy so specified. The Waite decision which abolished the doctrine of interspousal immunity apparently did not involve any insurance policy containing a family exclusion clause.
The appellees correctly note that the Chrysler Credit case did not address the doctrine of interspousal immunity. Instead, it involved the application of the family exclusion clause as between a minor's estate and his father's automobile policy, and is, therefore, clearly pertinent to the issue now before the court. Moreover, the public policy concerns found void in Waite are also present in the context of an exclusion for a family member, but these concerns raised in Waite were not subsequently addressed in the majority opinion in Chrysler Credit. Judge Gersten's dissent in Chrysler Credit raised the issue and recommended it be addressed by the supreme court and the legislature. Other decisions prior to Waite clearly emphasize the state's interest in the parties' freedom to contract and a judicial reluctance to extend insurance coverage beyond the plain language of a policy. See Florida Farm Bureau; Brixius; Bonnema; Fitzgibbon. If exclusions are clearly stated in insurance policies, the exclusion should be upheld. See Coleman v. Valley Forge Ins. Co., 432 So.2d 1368 (Fla. 2d DCA 1983).
The state's policy regarding the family exclusion clause is clarified in the supreme court's decision in Brixius, 589 So.2d 236, and the subsequent legislative response. There, a Class I insured, injured as a passenger in the insured vehicle driven by an uninsured friend, was not entitled to liability or UM coverage. The family-household exclusion clause excluded liability benefits to her, and UM benefits were denied based upon the policy's provision that an uninsured auto is not a vehicle defined as an insured auto under the liability portion of the policy. In response, the legislature added section 627.727(3)(c), Florida Statutes (1992 Supp.), to rectify the situation and provide UM coverage under that scenario. But the legislature declined to respond to the excluded liability coverage based upon the family exclusion clause. The legislature has, in effect, announced that the public policy of this state supports the exclusion of liability insurance coverage based upon a family exclusion clause.
In light of this expression of the state's public policy supporting the family exclusion clause, we do not interpret the Waite decision's abrogation of the interspousal immunity doctrine as an expression that the family exclusion clause is void as against public policy. We decline to equate the broader empowerment given family members to bring a cause of action against another family *268 member with any availability of insurance coverage.
We need not address the issue concerning the protection afforded the insurance company from any impermissible impairment of contract because of policy language which protects them from adverse judicial decision.

CONCLUSION.
Until the legislature addresses the family exclusion clause, the public policy of this state continues to support the parties' freedom to contract. Whether to compel coverage is a matter for the legislature to address.
We, therefore, reverse the summary final judgment in favor of the insureds and direct the trial court to enter summary final judgment in favor of the insurance companies.
Reversed and remanded for further proceedings consistent with this opinion.
ALTENBERND and WHATLEY, JJ., concur.