BAILEY, JENNIFER D., Associate Judge.
Nationwide Mutual Fire Insurance Company appeals a Final Summary Judgment entered in favor of Appellee, Andrew Maz-zarino (Mazzarino). The underlying action by Mazzarino sought a declaration of coverage under an automobile insurance policy issued by Nationwide.
The issue presented is whether a “family exclusion” provision in the policy precludes Mazzarino from recovering benefits for the wrongful .death of his mother, Caryn Williamson. For the reasons set forth below, we hold that insurance coverage does not exist under Nationwide’s automobile policy, and reverse the judgment below.
Caryn Williamson (Caryn) tragically died in an accident while riding as a passenger in the family car. The driver was Caryn’s husband, and Mazzarino’s stepfather, Michael Williamson (Williamson). It is undisputed that Williamson caused the accident. The car was insured by Nationwide. Mazzarino is the teenaged son of Caryn. After Nationwide denied that insurance coverage existed for his mother’s death, Mazzarino brought the declaratory judgment action seeking benefits under the liability portion of the policy. As an affirmative defense, Nationwide alleged that there was no coverage for Caryn’s death pursuant to a “family exclusion” provision in the policy. On cross motions for summary judgment, the trial court found that the exclusionary language did not bar Mazzarino’s claim to benefits under the policy.
*448 The named insured on the policy was Caryn Williamson. Michael Williamson was an additional insured. The liability section of the policy provides: “We will pay for damages for which you are legally liable.... ” “You” is defined as “the policyholder and spouse if living in the same household.”
“Insured” is defined in the policy as “one who is entitled to protection under the coverage.” Caryn and Michael Williamson are both “insureds” within the meaning of this definition. Caryn and Williamson were married and living in the same household at the time of the accident. Both are covered for damages due to legal liability under the terms of the policy; however, the insurance policy excludes coverage for damages as a result of “[b]od-ily injury to any insured or any member of an insured’s family.... ”
The plain language of the policy excludes coverage for bodily injury to Caryn. “Bodily injury” is further defined in the policy to include death. Clearly, Caryn was not covered for her own death. The only question, then, is whether Mazzarino’s wrongful death claim is similarly excluded. The question before the court is not whether Mazzarino may sue Williamson for the wrongful death of Mazzarino’s mother; clearly, he may. The question is, who will pay any subsequent award or settlement.
Here, both Caryn and Williamson had liability coverage for “damage or injury to others caused by your auto.” (emphasis added). In this respect, they were both “protected [from legal liability vis-a-vis third parties] under the coverage.” The benefit or “protection” bargained for was against third-party liability, not bodily injury to themselves. The fact that the loss suffered was excluded under the insurance contract did not affect Caryn’s status as an insured under the contract. Caryn did not lose her status as an insured under this policy simply because the loss suffered was specifically excluded under the contract. See Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla.1977); see also Brixius v. Allstate Ins. Co., 589 So.2d 236 (Fla. 1991), superseded by statute on other grounds as stated in Travelers Ins. Co. v. Warren, 678 So.2d 324 (Fla.1996). Maz-zarino’s argument that Caryn was not an “insured” because she was not entitled to “protection” in the form of benefits for her own bodily injury is without merit.
In general, the viability of a wrongful death action depends on whether there existed a “cause of action” or a “right of action” that would have supported a claim for bodily injury had the decedent survived. See Enterprise Leasing Co. v. Alley, 728 So.2d 272, 274 (Fla. 2d DCA), rev. denied, 741 So.2d 1135 (Fla. 1999). If the decedent would have had a cause of action, the wrongful death action survives, even if the decedent’s right of action is lost because of some inability to sue which is personal to the decedent. See id. However, if the decedent’s ability to sue inheres in the tort itself (i.e., the cause of action is barred or does not exist), then there is no survivor action. See id.
By analogy, where an insured cannot make a claim for bodily injury or death, the insured’s survivor’s claim for those losses is similarly excluded from the coverage. Like the viability of a wrongful death claim where the survivor’s action depends on the decedent’s cause of action, insurance coverage for a wrongful death claim depends on whether coverage existed for the loss in the first instance. The trial court erroneously focused on who was bringing the claim for benefits, rather than on whether the loss was covered under the policy. Coverage and benefits depend upon the insured’s substantive rights under the contract, not upon who is enforcing them. The plain language of the contract excluded coverage for Caryn’s death under her automobile insurance policy. We are persuaded by the reasoning of those courts in other jurisdictions that have held the family exclusion to bar wrongful death claims under similar facts. See Farmers *449 Ins. Exch. v. Stratton, 145 Cal.App.Bd 612, 193 Cal.Rptr. 119 (1983); Withers v. Meridian Mut. Ins. Co., 626 S.W.2d 214 (Ky. Ct.App.1980); see also Home Ins. Co. v. Monaco, 405 F.Supp. 321 (E.D.Pa.1975), aff'd, 544 F.2d 512 (3d Cir.1976).
Mazzarino further argues that the family exclusion is void as against public policy. He recognizes that the Second District Court of Appeal in Auto Owners Insurance Co. v. Van Gessel, 665 So.2d 263 (Fla. 2d DCA 1995), rev. denied, Carson v. Auto Owners Insurance Co., 671 So.2d 788 (Fla.1996), and the Fifth District Court of Appeal in Mitchell v. State Farm Mutual Automobile Insurance, 678 So.2d 418 (Fla. 5th DCA 1996), have already rejected this argument, but urges this court to nevertheless consider the issue.
Mazzarino first notes that the purpose of the family exclusion is to prevent collusive suits between family members, and argues that, here, there is no danger of collusive suit by virtue of Caryn’s death. We disagree. We certainly do not imply improper motives by the parties in this case. But it is not beyond the realm of possibility that another stepparent and stepchild might collude to recover benefits for the death of a parent.
Mazzarino next argues that family exclusions will shift the costs associated with motor vehicle accidents back to the public, in contravention of the purposes of the Financial Responsibility Law. However, nothing prevented Caryn from purchasing life insurance. “An automobile policy is not a life insurance policy. Appellfee] wants this court to convert a liability policy into one that pays death benefits for bodily injury of the named insured.” Withers, 626 S.W.2d at 216. Mazzarino’s argument also fails to consider countervailing freedom-of-contract principles. See Walker v. American Family Mut. Ins. Co., 340 N.W.2d 599 (Iowa 1983)(construing family exclusion to bar wrongful death action by insured’s personal representative). As previously noted, the parties to this insurance contract did not bargain for coverage for bodily injury to Caryn, nor for her death. See Van Gessel, 665 So.2d at 265. This court may not re-write the agreement reached by the parties.
No reported Florida decision has invalidated family exclusions with respect to liability insurance. See Van Gessel, 665 So.2d at 265. To the contrary, in Florida, the provision has been repeatedly upheld. See id. Our supreme court has recognized the general validity of family exclusions. See Reid, 352 So.2d at 1172. Families must rely on parents’ life insurance to protect their sons and daughters from the economic consequences of an untimely death, not automobile insurance. Mazzari-no has not persuaded us to depart from well-settled precedent.
Accordingly, we reverse the summary judgment entered below, and remand with directions to enter summary judgment in favor of Nationwide.
REVERSED AND REMANDED.
STEVENSON and GROSS, JJ., concur.