387 So.2d 932 (1980)
FLORIDA FARM BUREAU INSURANCE COMPANY, Petitioner,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Etc. et al., Respondents.
No. 57036.
Supreme Court of Florida.
August 28, 1980.
Robert K. Rouse, Jr. of Smalbein, Eubank, Johnson, Rosier & Bussey, Daytona Beach, for petitioner.
*933 Richard A. Simon and Ronald L. Harrop of Gurney, Gurney & Handley, Orlando, and Frank M. Gafford, Lake City, for respondents.
Marion R. Shepard of Mathews, Osborne, Ehrlich, McNatt, Gobelman & Cobb, Jacksonville, for State Farm Mutual Automobile Insurance Company; and Larry Klein, West Palm Beach, for the Academy of Florida Trial Lawyers, amici curiae.
ALDERMAN, Justice.
This cause is before us on petition for writ of certiorari to review the decision of the District Court of Appeal, First District, in Florida Farm Bureau Ins. Co. v. Government Employees Ins. Co., 371 So.2d 166 (Fla. 1st DCA 1979). Not only has the district court certified the question involved in this cause as being of great public interest, but its decision also has created conflict with our decisions in Reid v. State Farm Fire and Casualty Co., 352 So.2d 1172 (Fla. 1977), and Shor v. Paoli, 353 So.2d 825 (Fla. 1977). We adhere to our decisions in Shor v. Paoli and Reid v. State Farm Fire and Casualty Co. and again hold that a joint tortfeasor may seek and obtain a judgment for contribution from another joint tortfeasor even when that other tortfeasor is the spouse of the injured plaintiff who recovered damages from the first tortfeasor and that, in the absence of statutory prohibition, provisions of automobile liability insurance policies excluding from coverage members of the insured's family or household are valid. We quash that part of the district court's decision which holds family exclusion clauses to be invalid in contribution cases, and we reverse the contribution judgment entered by the trial court against Florida Farm Bureau Insurance Company.
The facts are undisputed. In July, 1976, Lance Cunningham and Cammie Deese were involved in a two-car collision. Myrtis Deese, Cammie's wife, who was injured in the accident, sued Lance Cunningham, M.A. Cunningham, the owner of the car which Lance was driving, and Government Employees Insurance Company (GEICO), the Cunninghams' insurer. The Cunninghams and GEICO counterclaimed against Cammie Deese and his insurer, Farm Bureau, for contribution. The jury found Lance Cunningham ninety percent negligent and Cammie Deese ten percent negligent, and it awarded damages in the amount of $25,000 to Myrtis Deese. The Cunninghams and GEICO again moved for contribution against Cammie Deese and Farm Bureau. Farm Bureau denied liability, but Deese contended that if he was liable, his liability insurer, Farm Bureau, was also liable. The trial court granted the motion for contribution against Deese and Farm Bureau and entered final judgment against both.
The district court affirmed the trial court's granting of Cunningham's and GEICO's contribution claim against Farm Bureau and held that family exclusion clauses within the context of contribution claims are contrary to public policy. It then framed the following question for our disposition:
Does a family exclusion clause in an automobile liability insurance policy control over the uniform contribution among tortfeasors act to prevent one tortfeasor from seeking contribution from another tortfeasor when the other tortfeasor is the spouse of the injured person who has received damages from the first tortfeasor?
This question, however, is not the real issue in this cause. The question posed by the district court is essentially answered in Shor v. Paoli wherein we held that one tortfeasor may seek contribution from another tortfeasor when the other tortfeasor is the spouse of the injured person who has received damages from the first tortfeasor. Whether there is insurance coverage or whether the contract of insurance contains a family exclusion clause is immaterial to the disposition of this primary question. Therefore, regardless of its holding as to Farm Bureau's liability, the trial court correctly granted Cunningham's and GEICO's contribution claim against Cammie Deese for ten percent of Myrtis Deese's damages. Shor v. Paoli.
*934 The real issue presented by this controversy is whether Farm Bureau is liable, despite a family exclusion provision in its policy, for the payment of a judgment against its insured recovered by way of contribution by a joint tortfeasor, when that judgment is based upon injury to the insured's wife. We answer this question in the negative and continue to hold such family exclusion clauses valid, absent statutory prohibition. In Reid v. State Farm Fire and Casualty Co., we said:
It is generally accepted, in the absence of a statutory prohibition, that provisions of automobile liability insurance policies excluding from coverage members of the insured's family or household are valid. 46 A.L.R.3d 1024. This is also the rule in Florida. Newman v. National Indemnity Company, 245 So.2d 118 (Fla.3d DCA 1971); see also Zipperer v. State Farm Mutual Automobile Ins. Co., 254 F.2d 853 (5th Cir.1958). The reason for the exclusion is obvious: to protect the insurer from over friendly or collusive lawsuits between family members.
.....
352 So.2d at 1173. Shor v. Paoli has neither overruled Reid nor invalidated family exclusion provisions in insurance policies where a contribution judgment is entered against a tortfeasor spouse of the injured plaintiff. Shor did not judicially create a public policy requiring financial security to ensure a joint tortfeasor's recovery on a contribution judgment. Likewise, the Uniform Contribution Among Joint Tortfeasors Act does not purport to enlarge the coverage of insurance policies nor does it prohibit family exclusion clauses. We reject the contention that these clauses are void as against public policy. In addition to the policy reasons for such clauses stated in Reid, we also note that insurance premiums may be established in part by reference to potential exposure to liability by insurance companies and may be lower where those most likely to be passengers in the automobile are expressly excluded from coverage.
Presumably Deese was free to contract with Farm Bureau or another insurance company to either include or exclude liability coverage for his negligent acts which cause injuries to members of his family. In this case he elected not to purchase this additional coverage but rather obtained an insurance policy with a family exclusion clause. Neither he nor the Cunninghams or GEICO can now complain because his policy does not cover the contribution judgment. The fact that he contributed to his wife's injury does not create coverage where it otherwise would be disallowed because of the exclusion clause in his insurance contract.
Accordingly, we approve that part of the district court's decision which affirms the trial court's contribution judgment against Cammie Deese; however, we quash that part of the decision which holds family exclusion clauses invalid as against public policy in contribution cases and which affirms the trial court's contribution judgment against Florida Farm Bureau Insurance Company. This cause is remanded for further proceedings consistent herewith.
It is so ordered.
BOYD, OVERTON and McDONALD, JJ., concur.
ADKINS, Acting C.J., concurs in part and dissents in part with an opinion.
ADKINS, Acting Chief Justice, concurring in part and dissenting in part.
I would approve the entire decision of the district court of appeal.