398 So.2d 989 (1981)
Maureen LINEHAN, As Personal Representative of Marianna R. Linehan, Deceased, etc., et al., Appellant,
v.
Katherine ALKHABBAZ, Laura Linehan, State Farm Mutual Automobile Insurance Company, Etc., et al., Appellee.
No. 79-2313.
District Court of Appeal of Florida, Fourth District.
May 20, 1981.
Norman D. Zimmerman, Pompano Beach, for appellant.
Frank W. Weathers of Weathers & Narkier, P.A., West Palm Beach, for appellee.
PER CURIAM.
This is an appeal from a summary judgment upholding the validity of the household *990 exclusion provision of an automobile insurance policy.
The uncontroverted facts giving rise to the entry of summary judgment in favor of the insurer, State Farm Mutual Automobile Insurance Company, as to any claims against it arising from any negligence of Laura Linehan, are as follows. Katherine Alkhabbaz owned an automobile which she loaned to her Aunt Marianna R. Linehan for a trip to Wisconsin. While in Wisconsin the car was involved in a one car accident which killed Marianna and injured her daughter, Laura, who was driving at the time. Marianna and Laura had resided together in the same household.
Marianna's personal representative sued Alkhabbaz; Laura Linehan; State Farm Mutual, which insured the Alkhabbaz vehicle; and Liberty Mutual Insurance Company, which insured Marianna's automobile (not the automobile involved in the accident). Alkhabbaz was never served with process and thus is not presently a party to the suit. In its answer State Farm Mutual admitted Laura was driving the Alkhabbaz vehicle with the consent of the owner and was thus an insured under the policy. However, State Farm asserted that, since Marianna and Laura were residents of the same household, the State Farm policy afforded no coverage for a claim against it for any negligence of Laura Linehan's because of the exclusion pertaining to members of the same household.[1] State Farm also affirmatively pleaded that the alleged negligence having occurred in the State of Wisconsin, the law of that jurisdiction applied.[2] The trial court granted State Farm a summary judgment relying on Reid v. State Farm Fire & Cas. Co., 352 So.2d 1172 (Fla. 1978) and this appeal ensued.
We have considered all of appellant's theories as to why Reid does not control this case and remain unimpressed. There, the Supreme Court upheld the validity of the household exclusion as a contractual provision in such a policy. While the facts are not identical, the principle is the same and we hold that Reid, supra, does support the trial judge's decision. Accordingly, the judgment appealed from is affirmed.
DOWNEY, GLICKSTEIN and HURLEY, JJ., concur.
NOTES
[1] Paraphrased, the exclusion provides that this insurance does not apply under coverage A to bodily injury to any insured or any member of the family of any insured residing in the same household as the insured.
[2] The Florida dangerous instrumentality doctrine as applied to automobiles does not pertain in Wisconsin.