MILLS, Judge.
In this personal injury suit, the trial court granted summary judgment in favor of Auto-Owners. The trial court held that William Robert Goin could not recover under an insurance policy issued by Auto-Owners because of the “family exclusion” clause contained in the policy. We affirm.
The Goins filed a complaint against Robert Ackery, Allstate Insurance Company, and Auto-Owners in connection with a boating accident in which William Robert Goin sustained bodily injuries as a result of the alleged negligence of Robert Ackery.
William A. Goin, father of the injured plaintiff, owned an “outboard floater policy” issued by Auto-Owners. The Goins alleged in their complaint that William Robert Goin was entitled to recover under that policy.
The policy contains clear and unambiguous language to the effect that the named insured, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of an insured are not covered by the policy.
The Goins make two arguments on appeal. First, they contend that this “family exclusion” clause violates the public policy of this state. “Family exclusion” clauses in automobile insurance policies, absent some statutory prohibition, are clearly valid. Reid v. State Farm, Fire and Casualty Co., 352 So.2d 1172 (Fla.1978); Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla.1980). However, the Goins argue that these cases are inapplicable because automobile owners are required to have no-fault insurance. § 627.733, Florida Statutes (1981). This argument is based on a misreading of Reid. In that case, the Florida Supreme Court held that the legislature did not prohibit family-household exclusions in automobile liability insurance policies by its enactment of the Florida Automobile Reparations Reform Act, section 627.730, et seq., Florida Statutes (1981). Given that holding, we fail to see how the absence of no-fault provisions with regard to boats could amount to a prohibition of the “family exclusion” clause.
The Goins also contend that failure to allow recovery under the policy would violate their right of access to the courts. Article I, Section 21, Florida Constitution. That argument is clearly without merit since they are free to pursue their rights against the other two defendants.
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.