568 So.2d 113 (1990)
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellant/Cross Appellee,
v.
Kitteridge S. FITZGIBBON, et al., Appellees/Cross Appellants.
No. 89-1058.
District Court of Appeal of Florida, Fifth District.
October 18, 1990.
Daniel P. Mitchell, of Mitchell and Carter, P.A., Tampa, for appellant/cross appellee.
Karen O. Gaffney and Clark A. Stillwell, of Brannen, Stillwell & Perrin, P.A., Inverness, for appellee/cross appellant Kitteridge S. Fitzgibbon.
W. SHARP, Judge.
Government Employees Insurance Company (GEICO) appeals from the trial court's summary judgment which determined that Kitteridge Fitzgibbon has uninsured motorist coverage under a policy issued by GEICO. Fitzgibbon cross-appeals from the trial court's further determination that she cannot recover under the liability provisions of the same policy. We affirm the latter ruling and reverse the former.
The factual setting of this case is not in dispute. Fitzgibbon was a passenger in an automobile being driven by her husband, Jeffrey. They were residents of the same household.
Jeffrey was exceeding the speed limit in his 1983 Mazda. He tried to pass another vehicle in a no-passing zone, but got caught by an oncoming car. He swerved off the road to avoid a head-on collision, but lost control of his car. It struck a fire hydrant, killing Jeffrey instantly, and severely injuring Fitzgibbon.
GEICO's policy, which insured Jeffrey and his car, contained a family exclusion clause for liability coverage, and it defined "uninsured automobile" for purposes of uninsured motorist coverage as not including the insured automobile under the same policy, or one operated "by you." The liability coverage exclusion provides:
We do not cover any bodily injury to any insured or any member of an insured's family residing in the insured's household.
The uninsured motorist provisions define the term "uninsured auto" not to include "an insured auto." An "insured auto" is defined as the vehicle described in the declaration and covered by the bodily injury liability coverage of the policy. That vehicle was clearly Jeffrey's Mazda.
*114 Family bodily injury liability exclusions in automobile insurance policies, like the one involved in this case, have the effect of preventing recovery for the driver-insured for his own bodily injuries caused by his negligence in an automobile accident. That makes sense. But they also have the effect of preventing recovery for bodily injuries in a one car crash and others by those persons most likely to be passengers in the driver-insured's car: his or her family members who reside in the same household. This may come as an unpleasant surprise to the unwary. Ironically, the policy in this case is entitled "Family Automobile Insurance Policy"; yet the insured's family is not covered in this kind of accident.
Fitzgibbon argues that this liability exclusion for bodily injury to the insured's family members violates public policy and is contrary to Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988). Sturiano held that a widow has a cause of action against her husband's estate to recover for her personal injuries, to the extent insurance is available, where she was injured by his negligence and he died in the accident. However, we cannot read Sturiano as authority to invalidate family exclusion clauses in automobile insurance policies.
Sturiano addressed the problem of interspousal immunity for tort liability. The court updated Florida's policy of interspousal immunity for torts where the reasons for this doctrine  preservation of marital harmony, and preventing collusive or friendly lawsuits  do not exist. See also, Dressler v. Tubbs, 435 So.2d 792 (Fla. 1983).
Further, the second issue in Sturiano concerned the availability of liability coverage for a widow's bodily injuries in the same context as this case. The court held that the court should follow New York state law on that question, which denied recovery, rather than Florida's law, which would have allowed recovery. Not one suggestion appears in the court's opinion that denial of liability coverage because of the policy's language was against this state's public policy.
Such family exclusion clauses in liability policies have been upheld by numerous Florida cases. See Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla. 1980); Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977); Smith v. Valley Forge Insurance Co., 566 So.2d 612 (Fla. 4th DCA 1990); Brixius v. Allstate Insurance Co., 549 So.2d 1191 (Fla. 2d DCA 1989), jurisdiction accepted, 557 So.2d 866 (Fla. 1990); Allstate Insurance Co. v. Baker, 543 So.2d 847 (Fla. 4th DCA), rev. denied, 554 So.2d 1167 (Fla. 1989); Amica Mutual Insurance Co. v. Wells, 507 So.2d 750 (Fla. 5th DCA 1987); Orston v. Allstate Insurance Co., 502 So.2d 526 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla. 1987); Larsen v. State Farm Mutual Auto Ins., 485 So.2d 458 (Fla. 4th DCA 1986); Harrison v. Metropolitan Property and Liability Insurance Co., 475 So.2d 1370 (Fla. 2d DCA 1985); Curtin v. State Farm Mutual Auto Insurance Co., 449 So.2d 293 (Fla. 5th DCA 1984); Linehan v. Alkhabbaz, 398 So.2d 989 (Fla. 4th DCA 1981). It apparently does not matter whether or not a non-family member was the negligent driver. The insured and the insured's family members wrongfully injured as passengers in the car are still barred from liability coverage by the family exclusion clause. See Newman v. National Indemnity Co., 245 So.2d 118 (Fla. 3d DCA 1971).
Fitzgibbon argues that since she is barred from recovery under the liability provisions of GEICO's policy, she should be entitled to claim uninsured motorist coverage under the same policy. However logical her argument may be (i.e., since there is no liability coverage for her under her husband's policy he is an uninsured motorist), it has been uniformly rejected by Florida courts. In Reid, the court held in a factual situation similar to this case, that a vehicle cannot be both insured and uninsured under the same policy. The Reid court also held that, in the context of one policy and a family-member tortfeasor, exclusion for uninsured motorist coverage is not contrary to this state's public policy.
*115 In the 1970's, the Florida Supreme Court spoke broadly and emphatically against allowing insurance draftsmen to "whittle away" with various insurance exclusions, the mandate of section 627.0851, Florida Statutes, to provide uninsured motorist coverage in policies issued in Florida as broad as liability coverage. See Salas v. Liberty Mutual Fire Insurance Co., 272 So.2d 1 (Fla. 1972); Mullis v. State Farm Mutual Auto Insurance Co., 252 So.2d 229 (Fla. 1971).[1] The exclusions in Mullis and Salas were different than the family exclusion in this case, and arguably the liability provisions in those cases were broader than the uninsured motorist coverage. See also, Auto Owners Insurance Co. v. Bennett, 466 So.2d 242 (Fla. 2d DCA 1984).
However, in the context of one insurance policy and a family tortfeasor-driver, uninsured motorist coverage has been denied pursuant to similar exclusions as those used in this case, and they have been upheld and enforced as not contrary to public policy. See Harrison; Wells.
In addition, family members of the insured riding as passengers in the insured's cars have been barred by similar exclusion clauses from uninsured motorist coverage under the policy insuring the car even though the driver was not a relative and had no insurance or was underinsured. See State Farm Mutual Auto Insurance Co. v. Palacino, 562 So.2d 837 (Fla. 4th DCA 1990); Smith; Baker; Brixius. These holdings may violate the public policy of section 627.727(1), Florida Statutes (1987),[2] since liability coverage is not available to the insured policyholder or insured and he or she is fully entitled to sue the negligent driver in those cases. Allstate Insurance Co. v. Boynton, 486 So.2d 552 (Fla. 1986). The public policy reasons for upholding the family exclusion; (i.e., collusive or friendly suits, or preventing the insured from reaping benefits from his or her own negligence) do not apply in these cases.
The same reasoning could be applied to this suit since interspousal immunity no longer bars a widow's suit against her deceased husband. Arguably, uninsured motorist insurance coverage should be available here because of the requirements of section 627.0851 and the absence of any public policy reasons to sustain the family member exclusion.
However, we are constrained by the weight of authority and precedent to conclude that no uninsured motorist coverage is available to Fitzgibbon in this case. But, we agree with Fitzgibbon that the impact of Sturiano on that precedent has not been clarified. Therefore, we certify the following question as one of great public interest. Fla.R.App.P. 9.030(a)(2)(B)(i).
DOES THE DENIAL OF UNINSURED MOTORIST BENEFITS UNDER A FAMILY EXCLUSION CLAUSE IN AN AUTOMOBILE INSURANCE POLICY FOR AN INSURED'S WIDOW WHO WAS INJURED IN AN AUTOMOBILE DRIVEN NEGLIGENTLY BY HER DECEASED HUSBAND VIOLATE THE REQUIREMENTS OF SECTION 627.727(1), FLORIDA STATUTES (1987), TO PROVIDE UNINSURED MOTORIST COVERAGE SINCE SHE WOULD NOT BE BARRED BY SPOUSAL IMMUNITY FROM OBTAINING A JUDGMENT AGAINST HER HUSBAND'S ESTATE, AND UNDER THE FACTUAL SITUATION THERE IS NO POSSIBILITY OF A COLLUSIVE LAWSUIT, SINCE THE DRIVER WAS KILLED IN THE ACCIDENT?
AFFIRMED in part; REVERSED in part.
GOSHORN, J., concurs.
PETERSON, J., concurs in result only without opinion.
NOTES
[1] Superceded by statute, Carbonell v. Automobile Ins. Co. of Hartford, Conn., 562 So.2d 437 (Fla. 3d DCA 1990).
[2] See Jernigan v. Progressive American Insurance Co., 501 So.2d 748 (Fla. 5th DCA 1987).