583 So.2d 1020 (1991)
Kitteridge S. FITZGIBBON, Petitioner,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, etc., Respondent.
No. 76870.
Supreme Court of Florida.
July 3, 1991.
Karen O. Gaffney and Clark A. Stillwell of Brannen, Stillwell & Perrin, P.A., Inverness, for petitioner.
Daniel P. Mitchell of Mitchell and Carter, P.A., Tampa, for respondent.
Norman A. Coll and Michael J. Higer of Coll, Davidson, Carter, Smith, Salter & Barkett, P.A., Miami, Amicus Curiae for Nat. Ass'n of Independent Insurers.
McDONALD, Justice.
In Government Employees Insurance Co. v. Fitzgibbon, 568 So.2d 113, 115 (Fla. 5th DCA 1990), the district court certified the following question as being one of great public importance:
Does the denial of uninsured motorist benefits under a family exclusion clause in an automobile insurance policy for an insured's widow who was injured in an automobile driven negligently by her deceased husband violate the requirements of section 627.727(1), Florida Statutes (1987), to provide uninsured motorist coverage since she would not be barred by spousal immunity from obtaining a judgment against her husband's estate, and under the factual situation there is no possibility of a collusive lawsuit, since the driver was killed in the accident?
*1021 We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We rephrase the issue as whether an insurance company may exclude uninsured motorist coverage to members of a household injured, while occupying the insured vehicle, by the negligence of a member of the household. We rule that it can, answer the rephrased issue in the affirmative, and approve the district court's decision on this issue.
Fitzgibbon was injured in an accident while occupying a vehicle owned and driven by her husband, who died in the same accident. She claimed benefits under the third-party tort or uninsured provisions of the insurance policy issued to the Fitzgibbons by Government Employees.
The only difference between this case and Allstate Insurance Co. v. Dascoli, 497 So.2d 1 (Fla. 1986), and Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977), is the death of the husband-driver. None of the insurance policies involved in any of these cases extended coverage for bodily injury to any member of an insured's household residing in that household.
Fitzgibbon, however, argues that the liability and uninsured motorist exclusion should be voided as against public policy, particularly when her husband was killed. She relies on Sturiano v. Brooks, 523 So.2d 1126 (Fla. 1988), wherein we modified prior existing law by allowing a widow to sue her husband's estate to the extent insurance is available. Nowhere in Sturiano did we suggest that a family exclusion policy is void for being against public policy. An underlying reasoning for Sturiano was to prevent the forfeiture of coverage, if there had been such coverage, in a policy because of the common law family tort immunity. We did not mandate, and do not now mandate, that third-party liability or uninsured motorist protection must be provided to a member of a household injured through the fault of another member of the household. In Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla. 1980), we held that family exclusion clauses are valid, and neither Sturiano nor subsection 627.727(1), Florida Statutes (1987), is a sufficient basis to overturn our recognition of the applicability of such exclusion under the facts presented here.
We approve the decision under review.
It is so ordered.
SHAW, C.J., and OVERTON, GRIMES, KOGAN and HARDING, JJ., concur.
BARKETT, J., dissents.