601 So.2d 269 (1992)
PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Appellant,
v.
Cindy A. BONNEMA and Patricia Casucci, Appellees.
No. 91-1855.
District Court of Appeal of Florida, Fifth District.
June 5, 1992.
Lora A. Dunlap and Reinald Werrenrath, III, of Fisher, Rushmer, Werrenrath, Keiner, Wack, & Dickson, Orlando, for appellant.
Michael P. Falkowski of Michael P. Falkowski, P.A., Daytona Beach, for appellees.
PETERSON, Judge.
Prudential Property and Casualty Insurance Company (Prudential) appeals from a final declaratory judgment. Prudential initiated an action for a determination whether the homeowners policy it had issued to Donald and Cindy Bonnema afforded coverage to Cindy's mother, Patricia *270 Casucci. Casucci had been injured in an accident involving a boat operated by Cindy and sought damages from her daughter and son-in-law. Prudential denied coverage under its policy issued to the Bonnemas on the ground that, because of the family relationship and because Casucci resided with the Bonnemas, the "family exclusion" provision of the policy precluded coverage for Casucci's injuries. The trial court found that the language of the policy was ambiguous and granted summary judgment in favor of Casucci and the Bonnemas.
The appendix to appellant's brief and the record below included a "Homeowners Three" policy, a Florida Endorsement Booklet, and three revisions to the endorsement booklet. The parties agree that these documents constituted the policy to be interpreted. Paragraph three of the definitions section of the Homeowners Three policy defines "insured" as "you (the persons to whom the policy was issued)" and "the following residents of your household: a. your relatives... ."
An endorsement in the endorsement booklet, labeled "PAC 3095H Ed 3/86," provides:
Section II  Exclusions
Coverage E  Personal Liability: We do not cover BODILY INJURY to you or any INSURED included in 3a or 3b of the Definitions.
Coverage E obligates Prudential to pay up to its limit of liability for damages for which the insured is legally liable and to provide a defense if a claim or suit is brought against any insured for damages because of bodily injury or property damage.
The documents constituting the policy contain language excluding coverage for Casucci's injuries, and while that language was easy for us to locate with Prudential's directions, we empathize with the insured in their argument that the exclusion is not easy to find. We do not agree, however, that the exclusion is "buried in an endorsement and is not susceptible to discovery by the insured."
The task given to those who draft insurance policies is difficult and never-ending because of judicial interpretations of the language and because of the limitless factual scenarios that may give rise to a coverage question. The language of a policy must include provisions for the coverages contemplated by the parties to the insurance contract for the protection of the insured, and it must limit the exposure of the insurer. Rather than making an impossible attempt to describe all possible factual scenarios that are either covered or excluded, the situations must be described in general, summary language. If an insured has a specific factual example in mind, the language of the policy, including all its endorsements and amendments, must be examined to determine whether coverage is afforded or excluded. While the examination may require some effort, the effort is necessary. In the instant case, the policy consisted of more than forty pages, but it must be remembered that this type of policy affords broad coverage including, inter alia, casualty and liability losses.
Of course, a policy's language, presentation, and/or organization can be designed intentionally to disguise coverages or exclusions. We do not find such a design in the instant case. Insurance companies are reluctant to change their master policies issued in the various states because of fear of loss of the judicial interpretations of existing policies and the process of beginning anew the historic judicial interpretation of a new policy. Therefore, the master policy is not disturbed but is amended by endorsements. Because each state has its own court system and because judicial interpretations are binding only in the state in which the court has jurisdiction, an insurance company issues packages of endorsements applicable to a state to meet the judicial interpretations and legislative and administrative requirements of that state.
The appellees argue that an intentional design to disguise is present in this case. Nowhere is the term "family exclusion" used in the policy.[1] The Florida Endorsement *271 Booklet contains a family exclusion endorsement and a variety of other endorsements. Its index refers to the family exclusion endorsement as an "Amendatory Endorsement." The Amendatory Endorsement excludes, in addition to resident family members, coverage for intentional acts and acts when an insured has a mental disease, defect, or disorder or is under the influence of drugs or alcohol. While the title of the endorsement and the titles included in the index might have been more descriptive, the titles selected by the insurance company were not misleading. Actually, the generic nature of the titles demands a reading of the endorsement to determine the nature of the endorsement. We note that a two-page revision to the Florida Endorsement Booklet, labeled "PAC 3094H (Ed. 1198)," also gives notice of the family exclusion.
Family exclusion provisions in insurance policies are valid. Fitzgibbon v. Government Employees Insurance Co., 583 So.2d 1020 (Fla. 1991); Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla. 1980); Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla. 1977). The rationale expressed in support of the exclusion is to prevent the losses and resulting high cost of premiums in potentially collusive suits between family members. Reid, at 1173. In one case considered by this court, the definition of "insured" to include relatives was almost identical to the definition of "insured" in the instant appeal. State Farm Fire & Casualty Co. v. Blasband, 534 So.2d 901 (Fla. 5th DCA 1988), review denied, 542 So.2d 1332 (Fla. 1989). We note the absence of any allegation in the record that the form used by Prudential was neither submitted to nor approved by the Department of Insurance as required by section 627.410, Florida Statutes (Supp. 1990).
An insurance policy must be read in its entirety for a determination of coverage. Both the legislature and the courts have made this clear. Section 627.419(1), Florida Statutes (Supp. 1990), provides, "Every insurance contract shall be construed according to the entirety of its terms and conditions as set forth in the policy and as amplified, extended, or modified by any application therefor or any rider or endorsement thereto." Haenal v. United States Fidelity & Guaranty Co. of Baltimore, Md., 88 So.2d 888 (Fla. 1956); Denman Rubber Mfg. Co. v. World Tire Corp., 396 So.2d 728 (Fla. 5th DCA 1981).
This court predicted in Government Employees Insurance Company v. Fitzgibbon, 568 So.2d 113, 114 (Fla. 5th DCA 1990), affirmed, 583 So.2d 1020 (Fla. 1991), that family exclusions "may come as an unpleasant surprise to the unwary," and the prediction may have been realized in this case. Family exclusions are and have been enforced in Florida for some time, at least since 1977 when the Florida Supreme Court issued its Reid opinion. It is unfortunate that the appellees in this appeal were unpleasantly surprised, but one wonders whether a policy is available in Florida that would have covered the loss and, if so, whether the premium for such coverage would be affordable.
We reverse the judgment below and remand for determination of the remaining factual question whether Casucci was a resident relative of Bonnema's household on the date of the boating accident giving rise to the underlying litigation.
REVERSED; REMANDED.
COBB and HARRIS, JJ., concur.
NOTES
[1] The term "family exclusion" is used by the legal community as a shorthand method of referring to the type of exclusion in issue in the instant case.