MICKLE, Judge.
Hill-Kelly Leasing, Inc. (“H-K Leasing” or “Appellant”), the sole remaining appellant, challenges the trial court’s summary final judgment in favor of Appellee United Services Automobile Association (“U.S.A.A.” or “Carrier”). We affirm.
In March 1989, Bruce Hagen owned two vehicles insured by U.S.A.A. On March 28, 1989, Hagen entered into a rental agreement with H-K Leasing to lease a Dodge automobile for travel to New Orleans because his own vehicle was not driveable at the time. While operating the rental car in Mississippi on April 4, 1989, Hagen was involved in a collision that resulted in his own death and that of his minor son, Nicholas Sean, a passenger.
The Estate of Nicholas Sean Hagen, through a personal representative (“P.R.”), filed an action against H-K Leasing, Hill-Kelly Dodge, Inc., and Chrysler Credit Cor *71 poration, claiming that the three defendants were vicariously liable as lessors of the rental car driven by lessee, Bruce Hagen. In turn, the three defendants, as third-party plaintiffs, filed an amended third-party complaint against the P.R. of the Estate of Bruce Ha-gen, based on common-law indemnity (Count I) and contractual indemnification (Count II), and against U.S.A.A., seeking declaratory relief (Count III) and damages for breach of contract (Count IV).
In essence, the declaratory relief count sought clarification on the following issues:
1. Whether as owner and lessor of the vehicle in question, H-K Leasing properly shifted the burden of primary insurance coverage to U.S.A.A., as third-party defendant, pursuant to section 627.7263, Florida Statutes;
2. Whether U.S.A.A. should provide the second level of coverage for amounts, if any, paid to the original plaintiff in excess of the amount required by applicable financial responsibility laws and the limits of the U.S.A.A. policy; and
3. Whether U.S.A.A. provided liability coverage for the P.R. of the Estate of Bruce Hagen in the indemnity action filed in Counts I and II.
H-K Leasing and the other third-party plaintiffs alleged that Bruce Hagen had assigned his rights under the U.S.A.A. insurance policy to them and that, as beneficiaries of said policy, they were entitled to coverage for the claims asserted against them. Additionally, it was alleged that the rental agreement shifted or assigned primary insurance coverage to U.S.A.A., as Hagen’s carrier, pursuant to statute. See section 627.7263, Florida Statutes (1987). U.S.A.A. maintained that a family member exclusion in Hagen’s U.S.A.A. policy precluded coverage for the Estate of Bruce Hagen as to any claims against it arising from the injury and death of the son. The trial court entered summary final judgment in favor of U.S.A.A. and dismissed with prejudice the third-party complaint of H-K Leasing and the other defendants.
We must read Hagen’s insurance policy with U.S.A.A. in its entirety to determine coverage. Prudential Property & Casualty Insur. Co. v. Bonnema, 601 So.2d 269, 271 (Fla. 5th DCA 1992). In Part A (Liability Coverage), the “insuring agreement” states:
We will pay damages for bodily injury or property damage for which any covered person becomes legally responsible because of an auto accident. We will settle or defend, as we consider appropriate, any claim or suit asking for these damages. In addition to our limit of liability, we will pay all defense costs we incur. Our duty to settle or defend ends when our limit of liability for this coverage has been exhausted.
“Covered person” as used in this Part means:
1. You [named insured] or any family member for the ownership, maintenance or use of any auto or trailer.
2. Any person using your covered auto.
3. For your covered auto, any person or organization but only with respect to legal responsibility for acts or omissions of a person for whom coverage is afforded under this Part.
The rental car driven by Bruce Hagen is covered by the definition of “your covered auto” including any car not owned by the named insured, while used as a temporary substitute because the other vehicle is out of normal use due to breakdown, repair, or servicing.
Interpreting the language in the “insuring agreement” in Part A quoted above, H-K Leasing argues that as the owner of the covered rental car, it is an “organization” and “covered person” for accidents arising out of the acts or omissions of Bruce Hagen in operating that automobile.
The “other insurance” .subsection of Part A of the U.S.A.A. originally provided as follows:
If there is other applicable liability insurance we will pay only our share of the loss. Our share is the proportion that our limit of liability bears to the total of all applicable limits. However, any insurance we provide for a vehicle you do not own shall be excess over any other collectible insurance.
*72 Pursuant to an insurance policy amendment, the last line of this section was deleted and replaced with the following provision:
However, we will provide primary insurance for a vehicle you do not own if the vehicle is leased by you under a written lease agreement and you have agreed to provide coverage for your operation of the vehicle.
The rental agreement between H-K Leasing and Bruce Hagen manifests an intent to shift the burden of primary insurance coverage to Hagen’s carrier, U.S.A.A., pursuant to the applicable statute, section 627.7263, Florida Statutes (1987), which provides:
(1) The valid and collectible liability insurance or personal injury protection insurance providing coverage for the lessor of a motor vehicle for rent or lease shall be primary unless otherwise stated in bold type on the face of the rental or lease agreement. Such insurance shall be primary for the limits of liability and personal injury protection coverage as required by ss. 324.021(7) and 627.736.
(2) Each rental or lease agreement between the lessee and the lessor shall contain a provision on the face of the agreement, stated in bold type, informing the lessee of the provisions of subsection (1) and shall provide a space for the name of the lessee’s insurance company if the lessor’s insurance company is not to be primary.
The rental agreement expressly states the following:
NOTICE: Florida Statute 627.7263 provides that the rental/lease customer’s liability or personal injury insurance is primary Insurance Company or Agent USAA Policy #082551007101 Phone #_
Notwithstanding the shift of primary coverage, however, we believe the trial court properly construed the overall insurance policy in favor of the Carrier and against H-K Leasing. Part A (Liability Coverage) includes a section designating “Exclusions,” Section “A” of which contemplates situations for which the Carrier does not provide liability coverage. Pursuant to an “Amendment of Policy Provisions,” the following language was added to the policy prior to the events at issue here:
LIABILITY COVERAGE EXCLUSION ENDORSEMENT
LIABILITY COVERAGE
The following exclusion is added to Part A, Section A:
We do not provide Liability Coverage for you or any family member for bodily injury to you or any family member.
U.S.A.A. successfully defended itself in the lower tribunal on the ground that this “family member” exclusion precluded liability coverage for the Estate of Bruce Hagen as to any claims against said estate arising from the son’s injury and death.
The law of Florida provides that, absent a statutory prohibition, an insurance company may limit coverage by means of an appropriate family member exclusion. Reid v. State Farm Fire & Casualty Co., 352 So.2d 1172 (Fla.1977). The Florida Supreme Court has held that “[ejxclusionary clauses in liability insurance policies are always strictly construed.” Demshar v. AAACon Auto Transport, Inc., 337 So.2d 963, 965 (Fla. 1976). In Fitzgibbon v. Government Employees Insur. Co., 583 So.2d 1020 (Fla.1991), the supreme court recognized that a carrier may be immune from liability on a claim against the estate of a deceased family member. The injured wife in Fitzgibbon attempted to sue the estate of her husband, who had died in the same accident. The liability coverage exclusion there provided: “We do not cover any bodily injury to any insured or any member of an insured’s family residing in the insured’s household.” Government Employees Insur. Co. v. Fitzgibbon, 568 So.2d 113 (Fla. 5th DCA 1990). Claiming benefits under third-party tort or uninsured motorist provisions of the policy, the wife asserted that the family exclusion was invalid because her husband was killed. That argument was rejected, and the exclusionary provision was held valid and operable to bar the insurance claim against the decedent husband’s estate. 583 So.2d at 1021.
We. believe the decisions cited by U.S.A.A. support its position that an exclusion can apply to actions brought by the *73 estate of a deceased family member against either a living family member or against the estate of a deceased family member. See Amica Mut. Insur. Co. v. Wells, 507 So.2d 750 (Fla. 5th DCA 1987) (family exclusion clause barred claims between family members where the husband and wife, one the driver and the other a passenger, were killed and a suit was asserted on behalf of decedents’ P.R.); Orston v. Allstate Insur. Co., 502 So.2d 526 (Fla. 3d DCA 1987) (affirming final declaratory judgment in favor of carrier because family exclusion clause barred coverage for death of the insured’s wife, even though both the husband and wife were deceased). In Linehan v. Alkhabbaz, 398 So.2d 989 (Fla. 4th DCA 1981), the policy provision excluded liability coverage for bodily injury to any insured or any member of the family of any insured residing in the same household as the insured. Alkhabbaz loaned her automobile to her aunt, Marianna Linehan, who died as a result of an accident that occurred while Marianna’s daughter (Laura Linehan) was driving. The decedent’s P.R. sued the decedent’s daughter and Alkhab-baz’s insurance carrier. Relying on the exclusion, the carrier asserted that, because the decedent and her daughter had resided in the same household, the policy afforded no coverage for a negligence claim arising from the daughter’s conduct. The Fourth District Court affirmed summary judgment in favor of the carrier. 398 So.2d at 990.
H-K Leasing, as lessor of the vehicle, and Bruce Hagen could not vary the contractual provisions in the insurance policy to which Hagen and U.S.A.A. had already agreed. As the trial court held, the P.R. of the Estate of Nicholas Sean Hagen stands in the same shoes as did Bruce Hagen with respect to the applicability of the family member exclusion. Further, we find support in Florida Farm Bureau Insur. Co. v. Government Employees Insur. Co., 387 So.2d 932 (Fla.1980), for U.S.A.A.’s argument that the instant exclusion provision bars third-party or contribution actions against a family member or that individual’s estate. In Florida Farm Bureau, the supreme court ruled that where an insured elected not to purchase additional coverage but obtained an insurance policy with a family exclusion clause, a third party could not complain because the policy did not cover the contribution judgment. Id. at 934. A party seeking contribution cannot alter the policy coverage merely by suing in a third-party capacity.
We construe the U.S.A.A. policy as excluding direct claims by family members (or their estates) against other family members (or their estates). The family exclusion provision expressly amends Part A, Section A, which deals with “Exclusions” and contemplates instances in which liability coverage is not provided. Key provisions defining “covered person,” on which H-K Leasing relies, are included in “Part A-Liability Coverage” and, thus, are subject to the limitations of the exclusionary clause. This policy also excludes third-party or contribution actions against family members or their estates arising from the injury or death of other family members.
We find Appellant’s argument as to the meaning and scope of “bodily injury” unconvincing in light of the amendatory endorsement defining “bodily injury” as “including death that results” from bodily harm, sickness or disease. See Skroh v. Travelers Insur. Co., 227 So.2d 328, 330 (Fla. 1st DCA 1969) (interpreting “bodily injury” to include any death that may result from such injury).
Although H-K Leasing contends that the Carrier is statutorily liable despite the provisions of the exclusion, we believe that if statutory liability is to be imposed in instances such as the case sub judice, the language of the statute should clearly provide imposition of liability notwithstanding any exclusions to the contrary. See Grant v. New Hampshire Insur. Co., 613 So.2d 466 (Fla.1993) (section 627.7263 does not authorize an insured to unilaterally convert policy providing umbrella liability coverage into one providing primary coverage by merely entering into ear rental agreement that purports to shift primary liability to the lessee’s auto insurance carrier); Southeastern Fidelity Insur. Co. v. Cole, 493 So.2d 445 (Fla.1986). When Bruce Hagen assigned to H-K Leasing his rights to the liability insurance policy provided to him by U.S.A.A., the assignee took that assignment subject to the specific *74 language in the policy engrafting the family member exclusion onto Part A. See City Nat’l Bank of Coral Gables v. H & B Constr. Corp., 183 So.2d 704 (Fla. 3d DCA 1966). The rental agreement between H-K Leasing and Hagen did not rewrite the U.S.A.A. auto insurance policy, eliminate the exclusion, or expand the coverage. Given the specific effect of the family exclusion clause, the additional insured provision or omnibus insured clause does not create additional coverage.
Like the trial court, we find no merit to the contention that the numbering of the policy endorsements creates an ambiguity. Any alleged misnumbering does not detract from the exclusionary effect of the family provision at issue.
AFFIRMED.
BARFIELD, J., concurs.
ZEHMER, C.J., specially concurs with opinion.