ZEHMER, Chief Judge
(specially concurring).
I am compelled to concur in the majority opinion because it applies the family exclusion clause to deny coverage in a manner that is consistent with the cited cases recognizing the validity of this exclusion. But I do so with considerable reservation for the following reasons.
It seems to me that the policy reasons that led the supreme court to approve the family exclusion provision as not being against public policy are no longer recognized in this state. To assure the availability of full automobile liability insurance coverage to Florida citizens, the public policy of this state, either by common law decision announced by the supreme court or by statutory provisions in chapter 627, Florida Statutes, should recognize the need to afford Florida insureds coverage against all of the potential liabilities for monetary damages due to the insured’s negligence that are cognizable under Florida law, and public policy should not permit casualty insurers doing business in this state to seemingly offer and provide coverage for all potential liabilities but then exclude coverage as to family members. The family member exclusion leaves insureds without coverage for substantial potential liabilities that are now clearly recognized by Florida law.
In Reid v. State Farm and Cas. Co., 352 So.2d 1172 (Fla.1978), the supreme court held “that provisions of automobile liability insurance policies excluding from coverage members of the insured’s family or household are valid” and not against the public policy of the state, noting that:
The reason for the exclusion is obvious: to protect the insurer from over friendly or collusive lawsuits between family members.
Id. at 1173. The supreme court has followed this holding in subsequent decisions that have reaffirmed the quoted reason for its validity. E.g., Fitzgibbon v. Government Employees Ins. Co., 583 So.2d 1020 (Fla. 1991); Florida Farm Bureau Ins. Co. v. Government Employees Ins. Co., 387 So.2d 932 (Fla.1980). Thus, at least since the Reid decision, the public policy of Florida has permitted this exclusion to be incorporated in automobile liability policies issued in this state only to prevent “over friendly or collusive lawsuits between family members.” When these decisions were issued, Florida law recognized the doctrine of interspousal immunity and other restrictions on the rights of family members to bring damage suits against other family members for negligently caused injuries.
Since the above cited decisions were handed down, however, the supreme court, in Waite v. Waite, 618 So.2d 1360 (Fla.1993), has abolished the doctrine of interspousal immunity, citing the following reasons:
In Sturiano, 523 So.2d at 1128,[1] we held that the doctrine of interspousal immunity no longer is applicable when the public policy reasons for applying it do not exist. These policy reasons are judicial avoidance of acts that could disrupt the family or foster marital discord, or where there is a strong possibility of fraud or collusion between husband and wife. Based on this holding, we found in Sturiano that the doctrine did not bar a wife’s claim filed *75 against the insurer of a deceased husband when the factual claim before us arose from the same accident in which the husband died and when the claim did not exceed the limits of liability.
Since Sturiano was issued, this Court and its advisory commissions have had an opportunity to review legal issues relevant to the doctrine of interspousal immunity. As a result of that review, we now find that there no longer is a sufficient reason warranting a continued adherence to the doctrine of interspousal immunity. As we previously have held, the common law will not be altered or expanded by this Court unless demanded by public necessity or to vindicate fundamental rights. In re T.AC.P., 609 So.2d 588, 594 (Fla.1992). Here, we find that both public necessity and fundamental rights require judicial abrogation of the doctrine.
First, we find no reason to believe that married couples are any more likely to engage in fraudulent conduct against insurers than anyone else. An otherwise meritorious claim should not be foreclosed simply because a person is married to a wrongdoer.
The fact is that when couples collude in a fraud, many devices exist to detect the deception whether or not the couples are married. Insurance companies can and do hire their own lawyers and investigators to examine suspicious claims. When testifying, the claimants are subject to impeachment and discrediting because of their own financial stake in the outcome. They are subject to the court’s contempt power, to the criminal laws for perjury and various forms of fraud, to civil lawsuit, and even to the racketeering and forfeiture statutes authorizing (among other things) the seizure of property used to further their crimes. If these other devices are adequate for unmarried couples, then we believe they also must be equally adequate for those with a marriage license. See Art. I, § 2, Fla. Const.
Id. at 1361.
It seems to me that this same rationale is equally applicable to lawsuits between other family members (such as father and son), with the result that the underlying basis for holding the family member exclusion in automobile insurance policies consistent with public policy does not comport with current Florida Supreme Court decisions. For this reason, it is entirely appropriate for the supreme court to revisit the policy reasons that currently allow automobile insurance policies to exclude coverage of the insured’s liability to other family members. Not only does the continued validity of this exclusion leave the insured family member without coverage to protect against financial loss pursuant to this potential liability, it also deprives the injured party of access to a source of financial responsibility that non-family members clearly have pursuant to the law.
I recognize that the family member exclusion has been treated by the court as a matter of freedom of contract between the parties on the assumption that the insured remains free to contract for insurance coverage that does not have this exclusion. Florida Farm Bureau Ins. Co. v. Government Employees Ins. Co., 387 So.2d at 934. And the court has indicated reluctance to compel coverage in cases now excluded by the family member clause. Fitzgibbon v. Government Employees Ins. Co., 583 So.2d at 1021. I do not know whether automobile insurers in this state currently write coverage without this exclusion. I suspect, however, that the presence of this exclusionary clause in most automobile insurance policies issued in Florida casts considerable doubt on the assumed availability of automobile insurance coverage at a reasonable cost that does not include this exclusion. And I have not heard of an insurer explaining to an insured that coverage can be offered without this exclusion.
In any event, in light of the public policy findings made in the Waite case, the continued viability of this exclusion should again be addressed by the supreme court as a matter of public policy. Likewise, the matter should be taken up by the legislature for the purpose of assuring that persons purchasing automobile insurance policies in this state can obtain insurance coverage for all potential liability in money damages at a reasonable cost, since that is the stated purpose of insur- *76 anee regulation in chapter 627. See § 627.-031(1), Fla.Stat. (1991).

. Sturiano v. Brooks, 523 So.2d 1126 (Fla.1988).