SHARP, W., Judge.
Thomas Mitchell appeals from a final summary judgment which held that State Farm Mutual Automobile Insurance Company (State Farm) has no duty to defend him, and he has no liability coverage under his policy issued by State Farm for injuries suffered by his wife, Pamela. The claim against Thomas was asserted in a counterclaim filed by Kis-korna, the defendant and driver of another car involved in the accident. She sought to establish Thomas was solely or at least partially responsible for the accident and thus he should be required to contribute his proportionate share of damages. We affirm.
Although procedurally complicated, this case turns on the validity of the family exclusion clause in State Farm’s automobile insurance policy, which it issued to Thomas and *419 Pamela as the insureds. Neither party asserted this exclusion was ambiguous, and it appears in the policy in large print. The liability portion of the policy provides:
We will pay damages which an insured becomes legally liable to pay because of ... bodily injury to others ... caused by accident resulting from ownership, maintenance, or use of your car and we will defend any suit against an insured for such damages with attorneys hired and paid by us.
THERE IS NO COVERAGE.... FOR ANY BODILY INJURY TO ... ANY INSURED OR ANY MEMBER OF AN INSURED’S FAMILY RESIDING IN THE INSURED’S HOUSEHOLD.
The accident involved in this case took place on August 1, 1992. Thomas was driving the Mitchells’ insured car, and Pamela was his passenger. On Highway 50 in Orange County, Kiskorna turned left at an intersection in front of Thomas, and he was unable to avoid colliding with the rear of Kiskorna’s car. Both Thomas and Pamela suffered personal injuries. Pamela’s injuries were more severe.
The Mitchells brought suit against Kiskor-na for their personal injuries and loss of consortium. Kiskorna counterclaimed against Thomas for contribution as a joint tortfeasor. Eventually Thomas settled with Kiskorna for his injuries, including any claim Pamela had for loss of consortium relating to his injuries. However, he remained in the suit as a plaintiff, seeking compensation for loss of consortium, stemming from Pamela’s injuries.
Thomas demanded that State Farm defend him against Kiskorna’s counterclaim, and asserted that he has liability coverage under the policy issued to him by State Farm. When State Farm declined to defend and denied coverage, he joined State Farm as a third party defendant, seeking a declaratory judgment to establish State Farm’s obligations under the policy. Both parties to the declaratory judgment action filed motions for summary judgment.
Thomas’ primary argument is that the Florida Supreme Court’s decision in Waite v. Waite, 618 So.2d 1360 (Fla.1993), which discarded the common law doctrine of interspousal immunity for tort liability in this state, had the effect of making family exclusion clauses in automobile insurance policies, such as the one involved in this case, contrary to public policy and therefore void and unenforceable. This is because the reasons given by the court for upholding family exclusion clauses — the potential for fostering collusive lawsuits and creating marital disharmony — were expressly rejected as no longer valid reasons to continue to uphold the doctrine of spousal immunity in tort cases. Thus, they should no longer serve as valid underpinnings for upholding the family exclusion clauses in automobile insurance policies.
Some jurisdictions have rejected family exclusion clauses in automobile insurance policies as violating the public policies of those other states, whose statutes mandate certain minimum insurance coverages for policies issued in those states.[1] Others have reached the opposite conclusion.[2] Some expressly have rejected the argument made by appellant in this ease, that the family exclusion clause is void because of the state’s abrogation of interspousal immunity and adoption of contribution and apportionment among tort-feasors.[3]
One jurisdiction disallowed the family exclusion clause in a law suit brought by a minor against a parent on the ground that it failed to honor the “reasonable expectations” *420 of the purchaser of the policy. Trans-america Insurance Company v. Royle, 202 Mont. 173, 656 P.2d 820 (Mont.1983). However, this ground was not presented to the trial judge below, and in view of the mountain of appellate case law in Florida upholding family exclusion clauses,[4] it is difficult to argue that persons purchasing insurance policies in Florida are not well aware of the presence of family exclusion clauses in their policies, and the refusal of this state’s appellate courts to hold them void as contrary to public policy.[5]
Section 324.151, Florida Statutes, sets out the requirements for motor vehicle liability policies to be proof of financial responsibility pursuant to section 324.031. Among other things, the statute says such policies shall insure “the owner named therein ... against loss from the liability imposed by law for damage arising out of the ownership, maintenance or use of such motor vehicle..." (emphasis added). When there was case law in this state prohibiting tort suits by and between family members, family exclusion clauses had relatively little impact because the law imposed no liability for damage suffered by a spouse. But with the abolition of spousal tort immunity,[6] and the advent of rights of contribution between joint tortfea-sors and comparative negligence, these exclusions appear to be opening up an ever-widening ozone hole of potential liability for owners and drivers of automobiles in Florida.
Who else but a spouse or family member is most likely to be riding as a passenger in a Florida resident’s ear? That is a substantial segment of the motoring public. Yet, injury to that family member is excluded from liability coverage by most, if not all, insurance policies issued in Florida. As counsel for State Farm candidly admitted to us at oral argument, they knew of no insurance policy offered in Florida without a family member exclusion. Not only is the driver left without liability protection, but the very persons whom the insureds most likely would want to have covered, may also have no protection under the uninsured motorist coverage section if there is only one policy involved.[7] The result may well be to shift the costs of earing for persons injured in motor accidents back onto the public, thereby thwarting the purpose of the financial responsibility law.[8]
We agree with appellant in this case that Waite v. Waite, 618 So.2d 1360 (Fla. 1993) is retrospective as well as prospective in application.[9] However, we cannot read into Waite any intent by the Florida Supreme Court to invalidate family exclusion clauses, in automobile insurance policies. In Fitzgibbon v. Government Employees Insurance Company, 583 So.2d 1020 (Fla.1991), the Florida Supreme Court answered a similar question posed by this court concerning the effect of a partial lifting of the family immunity in Sturiano v. Brooks, 523 So.2d 1126 (Fla.1988). The court said that the lifting of interspousal immunity in tort suits has no necessary correlation to declaring family exclusion clauses invalid. Fitzgibbon, at 1021.
That was probably clear long before Waite. In 1977, the Florida Supreme Court held that a joint tortfeasor’s contribution claim *421 brought against a spouse for injuries to the other spouse was not barred by spousal immunity. Shor v. Paoli, 353 So.2d 825 (Fla.1977). Since then a family exclusion clause in an insurance policy was upheld by the courts, in the context of a joint tortfeasor contribution claim.[10]
Two other underpinnings for upholding family exclusion clauses have yet to be disavowed by the Florida Supreme Court: freedom of contract and increased cost of insurance premiums to cover the expanded risks. In Florida Farm Bureau Insurance Co. v. Government Employees Insurance Co., 387 So.2d 932 (Fla.1980), the court said that an insured was free to purchase more inclusive insurance. Perhaps as Judge Zehmer suggested in his special concurring opinion in Chrysler Credit Corporation v. United Services Automobile Ass’n., 625 So.2d 69 (Fla. 1st DCA 1993), this assumption should be reexamined. Judge Zehmer wrote:
I do not know whether automobile insurers in this state currently write coverage without this exception. I suspect, however, the presence of this exclusionary clause in most automobile insurance policies issued in Florida casts considerable doubt on the assumed availability of automobile insurance coverage at a reasonable cost that does not include this exclusion. And I have not heard of an insurer explaining to an insured that coverage can be offered without this exclusion.
Chrysler Credit Corporation at 75.
We conclude, as we did in Government Employees Ins. Company v. Fitzgibbon, 568 So.2d 113 (Fla. 5th DCA 1990), approved, 583 So.2d 1020 (Fla.1991) and Amica Mutual Insurance Company v. Wells, 507 So.2d 750 (Fla. 5th DCA 1987) that family exclusion clauses in automobile insurance policies are not void as contrary to this state’s laws or public policy. If this rule of law is to be overturned, it must be either addressed by the Florida Legislature or the Florida Supreme Court. See also Auto Owners Insurance Company v. Van Gessel, 665 So.2d 263 (Fla. 2d DCA 1995), rev. denied, 671 So.2d 788 (Fla.1996). Accordingly, we affirm the ruling of the trial court.
AFFIRMED.
GOSHORN and HARRIS, JJ., concur.

. See, e.g., State Farm Mutual Automobile Insurance Co. v. Mastbaum, 748 P.2d 1042 (Utah1987); Mutual of Enumclaw Insurance Company v. Wiscomb, 95 Wash.2d 373, 622 P.2d 1234 (1980).

. See, e.g., Allstate Insurance Company v. Elwell, 513 A.2d 269 (Me.1986); Safeco Insurance Company v. Seek, 225 Ill.App.3d 397, 167 Ill.Dec. 636, 587 N.E.2d 1251 (2d Dist.1992).

.See Safeco Insurance Company v. Seek, 225 Ill.App.3d 397, 167 Ill.Dec. 636, 587 N.E.2d 1251 (2d Dist.1992); American Family Mutual Insurance Company v. Ward, 789 S.W.2d 791 (Mo.1990); Neil v. Allstate Insurance Company, 379 Pa.Super. 299, 549 A.2d 1304 (1988); Allstate Insurance Company v. Elwell.

.See Fitzgibbon v. Government Employees Insurance Company, 583 So.2d 1020 (Fla.1991); Florida Farm Bureau Insurance Company v. Government Employees Insurance Company, 387 So.2d 932 (Fla.1.980); Reid v. State Farm Fire & Casualty Company, 352 So.2d 1172 (Fla.1977); Auto Owners Insurance Company v. Van Gessel, 665 So.2d 263 (Fla. 2d DCA 1995); Chrysler Credit Corporation v. United Services Automobile Ass’n., 625 So.2d 69 (Fla. 1st DCA 1993); Prudential Property and Casualty Insurance Company v. Bonnema, 601 So.2d 269 (Fla. 5th DCA 1992); Brixius v. Allstate Insurance Company, 549 So.2d 1191 (Fla. 2d DCA 1989); Arnica Mutual Insurance Co. v. Wells, 507 So.2d 750 (Fla. 5th DCA 1987).

. But not without some protest. See Prudential Property and Casualty Insurance Company v. Bonnema, 601 So.2d 269 (Fla. 5th DCA 1992); Chrysler Credit Corporation v. United Services Automobile Ass’n., 625 So.2d 69 (Fla. 1st DCA 1993) (J. Zehmer concurring specially).

. See Waite.

. See Reid.

. Appelman, Insurance Law and Practice, Vol. 8C, pp. 240-241.

. See Hogan v. Tavzel, 660 So.2d 350 (Fla. 5th DCA 1995); Kalisch v. Kalisch, 646 So.2d 292 (Fla. 3d DCA 1994).

. Florida Farm Bureau Insurance Company v. Government Employees Insurance Company, 387 So.2d 932 (Fla.1980).