756 S.E.2d 897

**Dorris W. GREEN, Jr. as Guardian ad Litem for Inman G., a minor, Appellant,**

v.

**UNITED STATES AUTOMOBILE ASSOCIATION AUTO AND PROPERTY INSURANCE COMPANY, Respondent.**

Appellate Case No. 2011–197648.

No. 27373.

Supreme Court of South Carolina.

Heard April 17, 2013.

Decided April 2, 2014.

Bernard McIntyre, of Beaufort, for Appellant.

Charles R. Norris, of Nelson Mullins Riley & Scarborough, LLP, of Charleston, and C. Mitchell Brown, of Nelson Mullins Riley & Scarborough, LLP, of Columbia, for Respondent.

Chief Justice TOAL.

This is an appeal from a circuit court order granting the automobile insurance carrier (USAA) summary judgment in this action to determine coverage under a policy issued in Florida. Appellant Green, representing his child who was injured while a passenger in his mother's automobile, contends that as a matter of public policy the courts of South Carolina should refuse to recognize the validity of a family member exclusion in the Florida policy.[1] Further, he contends that the circuit court erred in finding there was no uninsured motorist coverage for his minor child under his Florida policy. Reluctantly, we agree with the circuit court that enforcement of this exclusion, which is admittedly valid under Florida law, does not offend our public policy, and that there is no underinsured coverage for father's minor child under the father's policy. We therefore affirm the grant of summary judgment to USAA.

## FACTS

Appellant owned two cars: a Blazer driven primarily by him, and a Honda driven by his wife (mother). Both cars were insured under a policy issued to appellant in Florida. The Honda was registered in that state, but the Blazer was registered in South Carolina. Appellant maintains a Florida driver's license because "He goes to Florida on a regular basis ... [t]o see his parents." Notwithstanding the Florida license, Florida registration, and Florida insurance policy, mother testified she and appellant had lived continuously in Beaufort since they married in 2004.[2] The accident occurred in South Carolina when mother was making a left turn at an

---

1. The validity of these types of exclusions is discussed in an A.L.R. annotation. Martin J. McMahon, Annotation, *Validity, under Insurance Statutes, of coverage exclusion for injury to or death of insured's family or household members,* 52 A.L.R.4th 18 (1987 and Supp.2012).

2. No issue regarding appellant's compliance with the South Carolina Motor Vehicle Responsibility Act is before us.

intersection and an oncoming car hit her Honda on the passenger's side, severely injuring her minor child, Inman Green. Mother is the at-fault driver.

## ISSUES

1) Did the policy's family member exclusion violate South Carolina's public policy?
2) Did the circuit court err in finding the injured child could not recover under the Florida policy's underinsured (UIM) [3] coverage?

## ANALYSIS

### 1. Public Policy

 USAA declined coverage citing this exclusion:

There is no coverage for [Bodily Injury] for which a **covered person** becomes legally responsible to pay to a member of that **covered person's** family residing in that **covered person's** household.

It is uncontroverted that mother was a covered person under the policy, and that the injured child resides in mother's household. Further, it is undisputed that this family member exclusion is valid under Florida statutory law, and that the exclusion does not violate Florida's public policy. *E.g., Mitchell v. State Farm Mut. Auto. Ins.,* 678 So.2d 418 (Fla.Dist.Ct. App.1996).

The circuit court cited the general rule, followed in South Carolina, that the validity of a contract is determined by the law of the state in which the contract was made. *E.g., Unisun Ins. Co. v. Hertz Rental Corp.,* 312 S.C. 549, 436 S.E.2d 182 (Ct.App.1993). As noted above, it is uncontested that the exclusion is valid under Florida law. *Mitchell, supra.*

Appellant first argues that, because South Carolina has abolished parental immunity, enforcement of the family member exclusion violates public policy. Appellant has conflated two separate ideas in making this argument. It is true, as he argues, that South Carolina has abolished parental tort immunity. *Elam v. Elam,* 275 S.C. 132, 268 S.E.2d 109 (1980). At

---

3. Under the policy here, underinsured coverage is a type of uninsured motorist coverage.

issue here, however, is not the question of a common law immunity from suit but rather the enforceability of a contract provision. Appellant's injured child may sue his mother in South Carolina for his injuries, but the insurance policy does not provide coverage for her. The abolition of parental immunity in this State does not create a public policy bar to enforcement of the valid family member exclusion in USAA's Florida automobile insurance policy.

■ Appellant next contends that this action, arising out of mother's negligence, is governed by the doctrine of *lex loci delecti*, and thus the substantive law of South Carolina applies. As the circuit court held, the fact that the accident occurred in South Carolina does not convert the validity of the Florida contract from one of *lex loci contractu* into one of *lex loci delecti*. Unison, supra. The substantive law of Florida governs the validity of the insurance contract's terms.

Finally, Green relies on South Carolina cases refusing to apply out-of-state intrafamily immunities as a matter of public policy. *See Algie v. Algie*, 261 S.C. 103, 198 S.E.2d 529 (1973) (refusing to dismiss suit based upon Florida interspousal immunity doctrine); *Boone v. Boone*, 345 S.C. 8, 546 S.E.2d 191 (2001) (refusing to apply Georgia interspousal immunity doctrine). Green has again conflated South Carolina's public policy refusing to enforce other jurisdictions' common law tort immunities in our courts with our construction of an out-of-state automobile insurance contract exclusion. Florida's District Court of Appeals made an eloquent argument for a change in Florida's policy regarding the validity of the family member exclusion in *Mitchell, supra.*[4] Nevertheless, the Florida court concluded as do we, that such a change is the prerogative of the Florida legislature.

---

4. Who else but a spouse or family member is most likely to be riding as a passenger in a Florida resident's car? Yet, injury to that family member is excluded from liability coverage by most, if not all, insurance policies issued in Florida. As counsel for State Farm candidly admitted to us at oral argument, they knew of no insurance policy offered in Florida without a family member exclusion. Not only is the driver left without liability protection, but the very persons whom the insureds most likely would want to have covered, may also have no protection under the uninsured motorist coverage section if there is only one policy involved.

*Mitchell*, 678 So.2d at 420 (footnote omitted).

We agree with the circuit court that the family member exclusion contained in the Florida automobile policy at issue here, being valid under both Florida statutory authority and Florida public policy considerations, is not void as against our public policy when applied in this South Carolina litigation.

## 2. UIM Coverage

■ Appellant also sought to recover UIM benefits under the USAA policy, contending that because the child's injuries exceeded the amount available under the liability provision of the contract, UIM coverage was activated. The circuit court granted USAA summary judgment on this UIM claim, holding that the policy's definition of an uninsured motor vehicle barred coverage. The policy's definition of "uninsured" explicitly excludes an automobile owned by or furnished to or available for the regular use of the named insured or a family member. The evidence in the record was that the Honda involved in the accident was owned by mother and appellant, and that mother, a family member, regularly drove that vehicle.

On appeal, Green argues that because the UIM coverage provision is both vague and void, he is entitled to coverage. These arguments are not properly before the Court since neither was raised to or ruled upon by the circuit court. *E.g., Dunes West Golf Club, LLC v. Town of Mt. Pleasant,* 401 S.C. 280, 737 S.E.2d 601 fn. 11 (2013). Moreover, under Florida law, it would appear that the UIM provisions of this contract are neither void nor vague. *See Small v. New Hampshire Indem.,* 915 So.2d 714 (Fla.Dist.Ct.App.2005) (rejecting arguments and construing similar policy language). The circuit court did not err in granting USAA summary judgment on appellant's UIM coverage claim.

## CONCLUSION

The circuit court order granting USAA summary judgment is

## AFFIRMED.

BEATTY, KITTREDGE, HEARN, JJ., and Acting Justice JAMES E. MOORE, concur.