PER CURIAM.
In affirming this case, we adopt the lower court’s well-reasoned judgment as the opinion of this court:

FINAL JUDGMENT FOR DEFENDANT

This cause came on for a bench trial on June 28, 2004, on New Hampshire Indemnity Co.’s (NH) counterclaim for declaratory judgment as to whether Jeanette Small (Small) is entitled to uninsured motorist (UM) benefits under her automobile insurance policy with NH. This court, having considered the testimony and other evidence submitted at trial and having heard the argument of counsel, makes the following findings of fact and conclusions of law:
A. The facts in this case are undisputed. Small was the insured on an automobile policy she had with NH. The policy provided both liability and UM coverage. The insured vehicle was leased by Small.
B. On November 25, 2000, Small was injured while riding as a passenger in the insured vehicle, which was being driven by Small’s husband, Jeffrey Small. Jeffrey Small was at fault in the accident.
C. Small sought benefits under the liability portion of her policy (Part A) with NH. NH denied coverage under an exclusion from coverage in an endorsement to the liability portion of the policy for injuries caused by an insured to any family member related to the insured by blood, marriage or adoption who was residing in the insured’s household (the resident relative exclusion).
D. Small then sought UM benefits under Part C of the policy, taking the position that because NH had denied liability coverage for Jeffrey Small, Jeffrey Small was an uninsured motorist. NH denied UM coverage on the ground that this vehicle did not meet the definition of an “uninsured motor vehicle” pursuant to section c. 1. of an endorsement to the UM portion of the policy. Small filed the present suit seeking UM benefits, and NH counterclaimed for a declaratory decree that no UM coverage is available for this accident because the vehicle was not an uninsured motor vehicle as that term is defined in the policy.
E. Small contends that section C.l. of the UM policy, relied on by NH, is ambiguous, and that it conflicts with section C.4. of the UM policy, which, Small contends, does provide UM coverage for this accident. Small argues that this claimed ambiguity requires the court to construe the policy in favor of coverage.
F. Section C.4. of the UM policy includes in the definition of “uninsured motor vehicle” a vehicle “to which a bodily injury liability ... policy applies at the time of the accident but the ... insuring company: a. denies coverage....” Section C.l. of the policy (the UM exclusion) is immediately below Section C.4. and provides “However, uninsured motor vehicle does not include any vehicle ... Owned by or furnished or available for the regular use of you or any “family member” unless it is a “covered auto” to which Part A of the policy applies and liability coverage is excluded for any person other than you or any “family member” for damages sustained in the accident by you or any “family member”.
G. If an insurance policy is ambiguous, it must be construed in favor of the insured, particularly with re *716 spect to clauses limiting or excluding the insurer’s liability. General Star Indemnity Co. v. West Florida Village Inn, Inc., 874 So.2d 26 (Fla. 2d DCA 2004). If the policy language at issue is susceptible of more than one reasonable interpretation, one providing coverage and the other limiting it, the policy is considered ambiguous. Swire Pacific Holdings, Inc. v. Zurich Insurance Company, 845 So.2d 161, 165 (Fla.2003). In construing and [sic] insurance policy, the court should read the policy as a whole and attempt to give every provision its full meaning and effect. Id. at 166.
H.Small argues that the UM exclusion is not only ambiguous, it is incomprehensible. Certainly the clause is inartfully drafted, but it is not ambiguous. It excludes resident relative automobiles from the definition of “uninsured motor vehicle”. It does carve out an exception to the resident relative exception, which applies when
1) an individual who is not a resident relative is driving the insured vehicle, and
2) injures a resident relative, and
3) liability coverage is excluded for the driver under some other exclusion other than the resident relative exclusion.
Under the liability portion of the policy, the definition of an “insured” includes “any person using your covered auto”. One of the exclusions from liability coverage provides that coverage is not available for an insured who is servicing the vehicle. If the policy holder or a resident relative took the insured vehicle to be serviced, and while test driving the vehicle the mechanic injured another person, the mechanic would not have liability coverage under the policy. However, if the injured party was the policy holder or a resident relative, he or she would have UM coverage.
I. Small argues that even if the UM exclusion is unambiguous, it conflicts with the definition of “uninsured motor vehicle” in Section C.4. of the policy, and this vehicle met that definition because NH is a liability insurer and has denied liability coverage. Small argues that this alleged conflict must be resolved against the NH.
J. An insurance policy is ambiguous when the provisions at issue are reasonably susceptible of more than one interpretation. Swire Pacific Holdings, Inc. v. Zurich Insurance Co. supra. Furthermore, when construing an insurance policy the court must read the policy as a whole. Id. at 166.
K. Small’s interpretation of Section C.4. of the policy is not reasonable. The definition section of the policy states that the first person plural (we, our, us) refers to NH, and that is how NH repeatedly refers to itself in the policy. Furthermore, immediately below subsection C.4. of the policy is the word “however” followed by exclusions to the definition of “uninsured motor vehicle”, including the resident relative exclusion. Construing the policy as a whole, the clear meaning of Section C.4. is that when an insured is injured by a driver who is not a resident relative of the insured, and that driver’s liability insurance carrier has denied liability coverage to the driver, the driver is deemed an uninsured motorist.
L. Small argues, alternatively, that Section C.l. is void because it is not encompassed by the statutorily permissible limitations found at section 627.727(9)(a-e), Fla. Stat. (2000), which became effective in 1987. In Reid v. State Farm Fire & Casualty *717 Co., 352 So.2d 1172 (Fla.1978), resident relative exclusions in both the liability and UM portions of the same policy were been [sic] upheld by the Florida Supreme Court on the ground that the exclusions are designed to prevent collusive lawsuits between family members. Reid was reaffirmed by the Florida Supreme Court in Fitzgibbon v. Government Employees Insurance Company, 583 So.2d 1020 (Fla.1991). The Fitzgibbon court addressed the 1987 version of section 627.727, Fla. Stat. Had the Fitzgibbon court felt that resident relative exclusions fell afoul of section 627.727(9), Fla. Stat., it would have said so.
It is therefore DECLARED and ADJUDGED as follows:
1. Section C.l. of the subject policy is not ambiguous and does not conflict with Section C.4. of the policy
2. Section C.l. of the policy is valid and is not violative of section 627.727(9), Fla. Stat.
3. Section C.l. of the subject policy excludes uninsured motorist coverage for the accident in this case.
4. Plaintiff shall take nothing by this action and defendant shall go hence without day.
5. The court reserves jurisdiction to enter such further orders in this case as are just and appropriate
ORDERED and ADJUDGED in Chambers at Sanford, Seminole County, Florida this 25th day of October, 2004[.]
AFFIRMED.
GRIFFIN, SAWAYA and TORPY,' JJ., concur.