[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14514
Non-Argument Calendar
_____

D.C. Docket No. 9:12-cv-81247-DMM


DARCEL DREW,

                                        Plaintiff - Appellant,

ZACHARY DOOLING,

                                         Plaintiff,

versus

SAFECO INSURANCE COMPANY OF ILLINOIS,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 27, 2014)

Before PRYOR, MARTIN and DUBINA, Circuit Judges.

PER CURIAM:

The question before us on an appeal from a grant of summary judgment is purely one of law, and it is whether an uninsured motorist ("UM") provision in a car insurance policy covers injuries sustained by a permissive passenger in an insured vehicle driven by the named insured's family member. The district court found it did not, and we now affirm.

## I. BACKGROUND

### A. *Factual History*

The facts are not in dispute. On May 4, 2012, Zachary Dooling was riding in a car driven by his friend Daemon Drew ("Daemon") when the car was involved in an accident. Lesa Tavarez, the driver of the other vehicle, died, while her passenger was seriously injured. Additionally, Dooling sustained injuries causing damages exceeding $200,000. Appellant Darcel Drew ("Drew"), Daemon's aunt, owned the vehicle he was driving. Appellee Safeco Insurance Company of Illinois ("Safeco") insured it through a policy Drew purchased, and Daemon was a rated driver on the policy. Claims paid to the Tavarez family exhausted the policy's liability limits and left nothing for Dooling's injuries. Accordingly, Dooling made a demand under the UM provision of the policy. Safeco denied the claim, explaining that the vehicle could not be both insured by the liability portion of the policy and uninsured under the terms of the same policy.

### B. *Procedural History*

2

After Safeco denied his claim for liability, Dooling brought suit in Florida state court naming Drew, Daemon, and Dartland Drew, Darcel's brother and Daemon's father.  Drew responded by bringing this declaratory judgment action, also in Florida state court, where she named named Safeco and Dooling as defendants.

Safeco removed this action to federal court on the basis of diversity, arguing Dooling was properly a plaintiff rather than a defendant and that his realignment would make the parties completely diverse.  The district court granted Safeco's motion to realign and later denied Drew's motions to realign Dooling once more as a defendant and to remand.  The parties filed cross motions for summary judgment, and the district court ultimately granted Safeco's motion in part and entered judgment in its favor and against Drew and Dooling, finding that while Drew had standing, Dooling was not covered by the UM provision.

Drew timely appealed.  Dooling is not party to this appeal.

## II.  JURISDICTION

To begin, we address whether we have jurisdiction.  *Mallory & Evans Contractors & Eng'rs, LLC v. Tuskegee Univ.*, 663 F.3d 1304, 1304–05 (11th Cir. 2011) ("We are obligated to raise concerns about the district court's subject matter jurisdiction *sua sponte*.").

A.    *Complete diversity exists, and amendment by admission is appropriate.*

When Safeco removed this case, it argued that the district court had original jurisdiction based on diversity of citizenship.  In support, Safeco alleged it was an Illinois corporation with its principal place of business in Massachusetts, making it a citizen of states other than Florida, and that Drew was a citizen of Florida.  It was still not clear there was complete diversity; Safeco alleged only that Dooling, whom the district court had realigned as a plaintiff, was a Florida resident, not a Florida citizen.  *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1269 (11th Cir. 2013) (emphasizing that citizenship, rather that residence, is relevant to establish diversity jurisdiction under 28 U.S.C. § 1332).

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts."  28 U.S.C. § 1653.  A party's admissions and other record evidence can bring about amendment and cure pleading deficiencies related to citizenship.  *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1342–43 (11th Cir. 2011) (affording a party's admissions evidentiary weight in part because they established his citizenship against his own interest).

While Safeco acknowledges it used the word "resident" rather than "citizen" in its notice of removal, the parties agree that Dooling is a Florida citizen.  Drew argued as much in her motion to remand:  She insisted no diversity of citizenship would exist if Dooling were a defendant, as they were citizens of the same state.

4

(DE 13 at 7 ("Since Zachary Dooling should be a Defendant in this action, there is no diversity of citizenship . . . .").)  Considered for the purposes of establishing Dooling's citizenship, we are disinclined to treat Drew's argument as a self-serving.  Though her goal in the motion to remand was to establish that the district court lacked jurisdiction, her concession that Dooling was a citizen of Florida supports the opposite conclusion when Dooling is properly aligned as a plaintiff. We find that the parties are diverse, and their representations cure the deficient jurisdictional allegations and allow the Drew's appeal to proceed.  *Lama*, 633 F.3d at 1342 n.12 (allowing an appeal to continue after amendment by admission).

B.    *Drew has standing to bring this declaratory judgment action.*

The requirements for standing in declaratory judgment actions are the same as in other cases.  *DiMaio v. Democratic Nat'l Comm.*, 520 F.3d 1299, 1302 (11th Cir. 2008).  To establish standing – a jurisdictional requirement – a plaintiff must show (1) injury in fact, (2) a causal link between the defendant's conduct and the injury, and (3) that a favorable verdict will likely redress the injury.  *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61, 112 S. Ct. 2130, 2136 (1992)).  All three requirements are met here.  Drew stands to suffer an economic injury if she does not receive the coverage to which she is entitled under the policy, and Dooling's suit against her threatens to compound that economic injury.  The threat of injury is traceable to Safeco's denial of coverage, and if Drew is

5

successful in proving Safeco wrongly denied coverage, she will succeed in enforcing the terms of her agreement with Safeco and mitigating her liability for Dooling's injuries. Thus, we have jurisdiction to determine whether the denial was wrongful.

### III. DISCUSSION

Resolving the jurisdictional questions favorably leads us to the substantive basis for appeal: Did the district court err in granting summary judgment in favor of Safeco based on its conclusion that the UM provision of Drew's policy did not cover Dooling's injury? That question is strictly one of law, and accordingly, we review it *de novo*. *Stephens v. Mid-Continent Cas. Co.*, 749 F.3d 1318, 1321 (11th Cir. 2014) (noting that both "the interpretation of provisions in an insurance contract" and the propriety of summary judgment are questions of law reviewed *de novo*). State substantive law binds federal courts sitting in diversity, and "absent some persuasive indication that the state's highest court would decide the issue otherwise," decisions of intermediate appellate courts are authoritative. *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008, 1025 (11th Cir. 2014) (internal quotation marks and alterations omitted).

The district court did not err in finding that the UM provision did not cover Dooling's injuries. UM coverage exists where an insured – a term defined to include a permissive passenger like Dooling – "is legally entitled to recover from

6

the owner or operator of an **uninsured motor vehicle** because of bodily injury."
(DE 31-1 at 24.)  A vehicle available for the regular use of a named insured's
family member and covered under the liability portion of the policy, like the
vehicle in which Dooling was riding, is generally not an "uninsured motor
vehicle."[1]  This contractual term states Florida law's general rule:  "[A] vehicle
cannot be both an uninsured and insured vehicle under the same policy."  *Travelers
Ins. Co. v. Warren*, 678 So. 2d 324, 328 (Fla. 1996) (plurality opinion); *see also
Gares v. Allstate Ins. Co.*, 365 F.3d 990, 993 (11th Cir. 2004) (quoting and
applying that rule).  This is known as the "your auto" or "resident relative"
exclusion.  *See Warren*, 678 So. 2d at 328 (referring to a "your car" exclusion);
*Small v. N.H. Indem. Co.*, 915 So. 2d 714, 716 (Fla. Dist. Ct. App. 2005) (referring
to a "resident relative" exclusion).

That general rule is, however, subject to an exception.  A car insured under
the liability policy can be an uninsured vehicle for the purposes of the UM
provision if "liability coverage is excluded for any person other than" the named
insured or her family member "for damages sustained in the accident by" the

---

[1]    "[**U**]**ninsured motor vehicle** does not include any vehicle or equipment:

1.    Owned by or furnished or available for the regular use of you or any **family member** unless it is a [sic] **your covered auto** to which Part A of the policy applies and liability coverage is excluded for any person other than you or any **family member** for damages sustained in the accident by you or any **family member**."

(DE 31-1 at 25.)  The policy defines "you" in reference to the named insured.  (DE 31-1 at 14.)

7

named insured or a family member. (DE 31-1 at 25.) The parties agree that the "your auto" exclusion otherwise applies but dispute this exception's meaning and application.

Though the Florida Supreme Court has not confronted the issue, Florida's intermediate appellate court has considered a substantively identical exception. *Small*, 915 So. 2d at 715. The appellate court adopted the analysis of the trial court, interpreting the exception to apply when (1) a person other than a named insured or her family member is operating the vehicle, (2) the named insured or her family member suffers injury, and (3) some other provision of the policy excludes liability coverage for the non-family member driving the vehicle. *Id.* at 716. Thus, the exception did not apply when the named insured was injured while a passenger in the insured vehicle, which her husband was driving. *Id.* We have no reason to doubt that the Florida Supreme Court would reach a different conclusion and therefore apply the exception as the *Small* court interpreted it.

Nothing prevents application of the "your auto" exclusion; Daemon, a family member of the named insured, (DE 1-2 at 5 (Drew's complaint)), was operating the vehicle, and Dooling – neither the named insured nor a family member – is the injured claimant. (*See* DE 31-1 at 14 ("'**Family member**' means a person related to you by blood, marriage or adoption who is usually a resident of

8

your household.  This includes a ward or foster child who is a resident of your household.").)

While the exception is "inartfully drafted," *Small*, 915 So. 2d at 716 (interpreting an identical exception and specifically rejecting the notion it was ambiguous), it is susceptible to only one meaning and therefore unambiguous. *Swire Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003) (holding that policy language that is susceptible to more than one reasonable interpretation is ambiguous and should be construed in favor of the insured).  The reading advocated by Safeco not only follows *Small*, it harmonizes with Florida's statutory law, which provides that "the term 'uninsured motor vehicle' shall . . . be deemed to include an insured motor vehicle when the liability insurer . . . [e]xcludes liability coverage to a nonfamily member whose operation of an insured vehicle results in injuries to the named insured or to a relative of the named insured who is a member of the named insured's household."  Fla. Stat. § 627.727(3)(c).  "Section § 627.727(3)(c) . . . provides that where a nonfamily permissive user is driving an insured vehicle and causes injury to [a named insured or her resident relative], the insured vehicle will be considered uninsured for the purposes of UM coverage." *Travelers Ins. Co. v. Warren*, 678 So. 2d 324, 328 (Fla. 1996).  The exception's similarity in language and purpose to the statute mandating its effect persuades us that the exception is susceptible to only one reasonable interpretation.  Applying

9

that interpretation to the facts at hand, we readily conclude the exception does not apply to Dooling's claim.

For the aforementioned reasons, we affirm the district court's grant of summary judgment in favor of Safeco.

AFFIRMED.